WILLIAM P. DOLLIVER & others *vs.* ST. JOSEPH FIRE &
MARINE INSURANCE COMPANY.

Essex.   November 7, 1878;  March 12, 1879. — February 25, 1880.

A policy of insurance against fire contained the following provisions: " If the property be sold or transferred, or upon the passing or entry of a decree of foreclosure, or if any change takes place in title or possession, or if the interest of the assured, whether as owner, trustee, consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in the policy, the policy is void."  " If the interest of the assured be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void."  The assured at the time the policy was issued was the owner in fee of the property insured, but had mortgaged it, and also leased it for a term of years.  The policy contained no statement of these incumbrances.  *Held,* that the policy was not thereby avoided.

SOULE, J.   The plaintiffs are the assignees in bankruptcy of Abraham Day, who, being the owner in fee of the buildings described in his policy, subject to certain mortgages and to a lease running for about three and one half years, obtained the policy sued on; and, the buildings having been destroyed by fire, bring this action to recover the amount for which they were insured.   The plaintiffs were appointed assignees after the loss.   The defendant contended, and the Chief Justice at the trial ruled, that the action could not be maintained, because no mention is made in the policy of the incumbrances on the title to the property destroyed.   This ruling was based on the following provision of the policy: " 4. If the interest of the assured in the property be any other than the entire, unconditional, and sole ownership of the property, for the use and benefit of the assured, or if the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void."   This provision is in the body of the policy, and is inserted for the benefit of the insurer.   It is to be construed strictly against it, and liberally in behalf of the assured.   If, therefore, its terms can be satisfied by a construction which will save the policy, and at the same time accord with the established rules of law, such construction must be adopted.

It has long been settled in this Commonwealth that, as to all the world except the mortgagee, a mortgagor is the owner of the mortgaged lands, at least till the mortgagee has entered for . possession. *Willington* v. *Gale*, 7 Mass. 138. *Waltham Bank* v. *Waltham*, 10 Met. 334. *White* v. *Whitney*, 3 Met. 81. *Ewer* v. *Hobbs*, 5 Met. 1. *Henry's case*, 4 Cush. 257. *Howard* v. *Robinson*, 5 Cush. 119. *Buffum* v. *Bowditch Ins. Co.* 10 Cush. 540. *Farnsworth* v. *Boston*, 126 Mass. 1. This being the law, and the mortgagees not being in possession of the premises, the plaintiff's assignor might well be described in a policy of insurance as the owner of the property insured; and, inasmuch as his estate was in fee simple, not an estate for life, and not a base, qualified or conditional fee, it might well be described as the entire and unconditional ownership; and, as he had no joint tenant nor tenant in common, his estate was well described as the sole ownership. As between him and the defendant, the mortgages and the lease were mere incumbrances on his title, not affecting its character as entire, and not changing it from an absolute to a conditional estate or ownership. Even as between him and the mortgagees, the mortgagees' estate was the conditional one, determinable by satisfaction of the condition set out in the mortgage deed. There was no joint tenancy nor tenancy in common of the mortgagor and the mortgagees. All the characteristics of such tenancies are lacking in their relations to the property.

The lease for years created only a chattel interest in the premises, not affecting the ownership of the fee. It was merely an incumbrance. It has been held by the Supreme Court of the United States, in a recent case, that an outstanding lease did not invalidate a policy in which the ownership of the assured was described as entire, unconditional and sole. *Insurance Co.* v. *Haven*, 95 U. S. 242. And we do not understand that the ruling in the case at bar was supposed to rest on the existence of the lease.

The policy sued on provides, in the condition numbered 1 that, " if the property be sold or transferred, or upon the passing or entry of a decree of foreclosure, or on a sale under a deed of trust, or if the property be assigned under any bankrupt or insolvent law, or any change takes place in title or possession, . . . or if the interest of the assured, whether as owner, trustee,

consignee, factor, agent, mortgagee, lessee, or otherwise, be not truly stated in the policy, the policy is void." It is evident from the first branch of this condition, that the parties did not intend that the placing of a mortgage on the insured property should be regarded as a change of title, or have any effect on the rights of the parties to the contract of insurance, but that the entry of a decree for foreclosure should avoid the policy, although such decree would not destroy the insurable interest of the mortgagor. The language of the second branch of the condition excludes the idea that a mortgagee or a lessee is to be regarded as in any sense an "owner" of the property, and the whole condition numbered 1 aids in arriving at the construction of the condition numbered 4, on which the defendant relies. *Jackson* v. *Massachusetts Ins. Co.* 23 Pick. 418. The plaintiffs' assignor owned the fee. There was no adverse interest in the property, except that of the mortgagees and the lessee. The policy, in its terms, indicates that mortgaging the property is not intended to affect the policy, though a decree for foreclosing a mortgage shall avoid it. Furthermore the policy discriminates between owners and the holders of incumbrances, and nowhere contains any language which indicates that mortgagees or lessees are to be regarded, for any purposes of the policy, as owners of the property.

It is to be borne in mind, further, that the terms of the condition relied on by the defendant are not those which would naturally direct the attention of the insured to the question whether or not his estate is incumbered. If the defendant intended that the validity of the policy should be affected by the failure to mention existing incumbrances, that intention could easily have been made clear by inserting the word "unincumbered," or other phrase equivalent thereto, in the fourth condition of the policy, after the word "sole." It has already been held by this court that a requirement of the policy that the proof of loss should state the "whole value and ownership of the property insured," did not require any statement as to incumbrances, the property being under mortgage. *Taylor* v. *Ætna Ins. Co.* 120 Mass. 254. In Tennessee, it has been held that the assured, who had bought the property and given the seller a lien for part of the purchase money, was the uncon-

ditional and sole owner of it. *Manhattan Ins. Co.* v. *Barker,* 7 Heisk. 503.

This case does not require us to consider whether a subsequent mortgage should be regarded as " a change of title " which would avoid a policy containing nothing to explain the sense in which those words were used. See *Edmands* v. *Mutual Safety Ins. Co.* 1 Allen, 311; *Shepherd* v. *Union Ins. Co.* 38 N. H. 232; *Commercial Ins. Co.* v. *Spankneble,* 52 Ill. 53; *Hartford Ins. Co.* v. *Walsh,* 54 Ill. 164.

On consideration, we are all of opinion that, on the peculiar language of the policy sued on, the ruling that the interest of the assured was not sufficiently expressed in the policy, and that the policy was therefore void, was erroneous. The case must therefore *Stand for trial.*

*S. B. Ives, Jr. & L. S. Tuckerman,* for the plaintiffs.

*A. S. Wheeler,* for the defendant.