JAMES D. JUDGE & another *vs.* CONNECTICUT FIRE
INSURANCE COMPANY.

SAME *vs.* NEW YORK BOWERY FIRE INSURANCE COMPANY.

Suffok.  Jan. 10. — April 12, 1882.  LORD, FIELD & C. ALLEN, JJ., absent.

A policy of insurance against fire, upon personal property, contained the following
provisions : " If the property be sold or transferred, or upon the passing or
entry of a decree of foreclosure, or upon a sale under a deed of trust, or any
change take place in title or possession (except in case of succession by reason of
the death of the assured), whether by legal process or judicial decree or voluntary
transfer or conveyance, or if the interest of the assured in the property, whether
as owner, trustee, consignee, factor, agent, mortgagee, lessee or otherwise, be
not truly stated in this policy, then and in every such case this policy shall be
void." " If the interest of the assured be any other than the entire, uncondi-
tional and sole ownership of the property, for the use and benefit of the assured,"
the policy shall be void. After the policy was issued, the assured made a
mortgage on the insured property, under which no possession had been taken
by the mortgagee, and the sum secured by which was not due, at the time of a
loss by fire.  *Held*, that the policy was not thereby avoided.

DEVENS, J.  The principal question presented by these ex-
ceptions is whether the policies of insurance on the plaintiffs'
stock in trade were avoided by mortgages subsequently made by
them, on which no possession had been taken by the mortga-
gees, and the sums secured by which were not due at the time
of the loss by fire.

The defendants principally rely on those clauses in their poli-
cies which relate to change in title.  That of the Connecticut
Insurance Company is in the form of a condition that, " if the
property be sold or transferred, or upon the passing or entry
of a decree of foreclosure, or upon a sale under a deed of trust,
or any change take place in title or possession (except in case of
succession by reason of the death of the assured), whether by
legal process or judicial decree or voluntary transfer or convey-
ance, . . . . or if the interest of the assured in the property,
whether as owner, trustee, consignee, factor, agent, mortgagee,
lessee or otherwise, be not truly stated in this policy, . . . .
then and in every such case this policy shall be void."

It became necessary in *Dolliver* v. *St. Joseph Ins. Co.* 128 Mass.
315, to construe a clause precisely similar.  It was there held
that, by its terms, the policy indicated that placing a mortgage

on the property was not to be regarded as a change of title, although the passing or entry of a decree for foreclosure would have that effect, and that the policy discriminated between mortgagees and owners of the property by language which showed that mortgagees were not regarded as owners, no such intent appearing as to mortgagors. In that case there had been no subsequent mortgage, but the estate was under mortgage at the time the insurance was effected, and the clause was considered only as bearing on another, by which the insured had warranted that he was the sole and unconditional owner of the property.

The clause in the policy of the New York Bowery Insurance Company, which is found in the first warranty of the assured, does not vary from that of the Connecticut company, except that it is not preceded by the clause as to the effect of the passing or entry of a decree for foreclosure. Like that, it recognizes that a mortgagee or lessee of the property is not deemed an owner thereof, and provides that a change "in the title, interest, location or possession of the property, . . . . whether by sale, transfer or conveyance, in whole or in part," &c., shall avoid the policy.

That a subsequent mortgage is not to be treated as an alienation of the estate under the clause forbidding alienation, has been repeatedly held. *Jackson* v. *Mass. Ins. Co.* 23 Pick. 418. *Tomlinson* v. *Monmouth Ins. Co.* 47 Maine, 232. *Smith* v. *Monmouth Ins. Co.* 50 Maine, 96. *Shepherd* v. *Union Ins. Co.* 38 N. H. 232. *Commercial Ins. Co.* v. *Spankneble*, 52 Ill. 53. Nor is there in this respect any distinction between real and personal property, where the goods mortgaged are not taken possession of. *Rice* v. *Tower*, 1 Gray, 426. *Van Deusen* v. *Charter Oak Ins. Co.* 1 Rob. (N. Y.) 55. *Hartford Ins. Co.* v. *Walsh*, 54 Ill. 164. But even if there was not an alienation of the property, or any part of it, it may be contended that there was a change in title or interest which would avoid these policies. In *Orrell* v. *Hampden Ins. Co.* 13 Gray, 431, where the point decided was that the burden of proof was on the defendant to show a change of title, and that the agreement there proved did not have that effect, it is said by the justice delivering the opinion that perhaps it was not necessary to prove that the transfer was absolute or conveyed the whole right of the plaintiff in the property.

As it was held in that case that there was not even a formal alienation of the property, this question cannot be said to have been there passed upon.

In *Edmands* v. *Mutual Safety Ins. Co.* 1 Allen, 311, upon the peculiar language of the by-laws, in connection with the policy which was subject to them and would be avoided by all alienations or alterations in the ownership, &c. of the property insured, unless with the consent of the directors, the policy having upon it a form for such assent to mortgages, and, upon the application, particular inquiry having been made as to incumbrances, it was held that, although a mortgage was not an alienation, it was a material alteration in the ownership of the property insured. In the case at bar the language is not so general; it does not avoid the policies on account of all changes in title or interest. They are liable to be avoided by any changes in title, interest, &c. which occur by sale, transfer, or conveyance, in whole or in part, or by legal process or judicial decree. If therefore a mortgage is treated as a change in the title or interest, and not as a mere incumbrance, the inquiry remains whether this is such a change as is contemplated by these provisions. Had it been intended to include mortgages among those changes in title which would avoid the policies, it would seem that they would have been specified in express terms. When a policy enumerates changes in title in particular ways, by which it is to be avoided, a change otherwise made cannot have this effect, where at least it does not amount to an alienation of the property. All the ways enumerated are alienations of the property, which a mortgage is not. If it is an alteration or change in the title, it is one of an entirely different character from those specified. Mortgages are not sales, transfers or conveyances, in the usual acceptation of those words. They are securities for the payment of money. *Ewer* v. *Hobbs*, 5 Met. 1. *Norcross* v. *Norcross*, 105 Mass. 265. The words which follow "change in title," &c. contemplate that the party making the sale or transfer is to part with his interest in whole or in part. They apply to the termination of that interest. The mortgagor is still interested to the full value of the property; he makes no such change in title or interest as would be effected by the transactions enumerated. The effect of a mortgage is to appropriate a certain

portion of his property to the payment of one of his creditors, but the loss to him by the destruction of the property is the same, as his debt will then be unpaid. *Holbrook* v. *American Ins. Co.* 1 Curtis, 193.

In *Shepherd* v. *Union Ins. Co.* 38 N. H. 232, where the policy provided that it should be rendered void by any change of title by sale, mortgage or otherwise, it was held that a mere mortgage without entry or foreclosure did not change the title within the meaning of the provision. Until then it was a mere incumbrance, which might or might not afterwards have that effect. We have no occasion to go as far as this. The defendants have not specified mortgages among the modes of changing title by which the policy shall be avoided.

That the clauses as to a change in title, qualified as they are by statements of the means by which such changes are to be made in order to have the effect of avoiding a policy, do not include mortgages, they not being specified, was held in *Hartford Ins. Co.* v. *Walsh*, 54 Ill. 164, and in *Van Deusen* v. *Charter Oak Ins. Co.* 1 Rob. (N. Y.) 55, where similar clauses were discussed. The latter of these cases was, like this, that of a chattel mortgage.

We are therefore of opinion that there was no such change in title and interest as avoided the policies.

The defendants further contend that the clause (which is substantially the same in both policies) that they are to be avoided if the interest of the assured be any other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured, renders them void by reason of these mortgages. This was the precise point decided in *Dolliver* v. *St. Joseph Ins. Co., ubi supra.* It was there held, that the mortgagor was still the owner of the mortgaged property; that as between him and the insurance company the mortgages were to be regarded as incumbrances only, not affecting his estate so as to change it from one absolute to one conditional; and that he might properly represent himself as the sole, unconditional owner of the property. Some stress was also laid on the fact that he was not required to describe himself as the owner without incumbrance on the property. The defendants suggest that this case is distinguishable because the property is here personal.

But in holding, as was done in *Rice* v. *Tower, ubi supra,* that a mortgage of personal property was not an alienation, it was necessarily held that it was an incumbrance only, and did not, within the meaning of the policy, affect the ownership.

It is further suggested that the plaintiffs did not hold the policies for their own use and benefit; but the policies were not the less held for their use and benefit because held to pay debts.

*Exceptions overruled.*

*C. T. Gallagher,* for the defendants.

*J. E. Cotter,* for the plaintiffs.