Baldwin, J'.
*47 This is a petition in error by the defendant below to reverse a verdict and judgment against it upon a policy of insurance issued to the plaintiff below, defendant in error.
The petition was very short, setting forth that plaintiff, being the owner of a stock of goods — describing it — in consideration of $30 paid to the Insurance Company, was insured by it against loss by fire to said stock in the sum of $2,000, giving date.
That he could not attach a copy of the policy, because defendant had gotten possession of it, and refused to .surrender it or give a copy.
That “ plaintiff has duly performed all and singular the conditions on his part to be performed.” The petition further sets forth the loss, notice to the company, and prooí of loss, and asks a judgment for $2,000, with interest., It is stoutly insisted that the petition is fatally defective in not averring ownership at the time of loss.
The petition is evidently copied from Bates’Pleadings, vol. 1, p. 499.
The allegation is that “ plaintiff being the owner ”, etc., “the defendant insured him”, etc. That is not a model form of pleading; but under the case of Insurance Company v. Heart, 24 Ohio St. 331, the petition is more than sufficient in that respect.
The amended answer admitted the delivery of the policy, but says the policy was subject to the approval of the defendant company.
It admits the loss, and notice and proof of it. It says that by the terms of the policy, the company had the ria:ht to cancel the policy upon notice to the plaintiff; that the company refused to approve the policy, and instructed its agent to cancel it; that the agent notified the plaintiff, demanded the policy, and he delivered it to the agent in cancellation, and agreed that the money paid need not be returned to plaintiff; that by agreement Brown, the agent of the defendant, retained the money to pay the premium upon a policy of like amount, *48 authorized to be secured in another company; but this was done without authority from the company, and not as its agent, but as agent of insured. That by reason of the premises there was no policy or contract of insurance. It denied every allegation of the petition not admitted.
The reply was a general denial.
There were many exceptions taken during the progress of the suit by the defendant, but those which were especially presented for our consideration arose upon the charge as given, and upon the refusal of the judge to give requests of the defendant, or in modifying them. As appears by the answer, the main dispute was whether the insurance policy had been surrendered. It appeared that it had been handed back by the insured to the agent of the company. The terms upon which it was handed back were in dispute. It was claimed by plaintiff that it was upon conditions that the agent should, before it should be considered cancelled, place the risk in some other good company, and deliver him a valid, binding policy in that company. There was an attempt to insure in another company, but that policy was not paid for, and was immediately recalled by the company. There was much testimony upon this subject, and some of the most damaging testimony against the defendant was its own letters, written even after the fire, and then recognizing the policy as in existence.
We are not at all disposed to interfere with the verdict oí the jury upon the ground that the policy was not a subsisting one at the time of the fire.
Several exceptions were taken to parts of the charge as being too general. We do not understand that to be a good exception. If the charge is not erroneous, but in the opinion of counsel not sufficiently explicit, he should endeavor to make it so by requests; and if the requests are refused, he may except to the refusal. Smith v. Railway Co., 23 Ohio St. 10; Schryer v. Hawkes et al., 22 Ohio St. 317; Jones v. State, 20 Ohio, 34; Doll v. State, 45 Ohio St. 452; Taft v. Williams, 15 Ohio, 123.
*49 The policy contained this condition : “ This policy shall be cancelled at any time at the request of the assured; or by the company giving five days’ notice of such cancellation. If this policy shall be cancelled as hereinbefore provided, or become void, or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is cancelled by this company by giving notice, it shall retain only the pro rata premium.”
We fail to find any other clause in the policy that provides for cancellation, and the answer leaves out the five days, stating that the company had a right to cancel on notice to the assured. If the company undertook to cancel by the terms of the policy, it must pursue these terms. The policy might, nevertheless, be cancelled by mutual agreement, and such an agreement was undertaken to be proved. If the agreement to cancel was conditional, the condition must be complied with, if the company relied on the agreement. It is claimed that the agent had no authority to make such conditions; but if the company rely on a voluntary surrender, it must accept with the conditions, or not at all. It cannot select the part of the new contract favorable to it, and reject the balance. It must rely either upon a cancellation according to the conditions of the policy, or in pursuance of the terms of the neto contract.
The court properly charges upon this subject. The request of the defendant, that if the conditions of the-new agreement were not fulfilled, that the new agreement, nevertheless, waived the conditions of the provisions of the policy, was not correct.
The new contract must be carried out before the policy was cancelled by its force. Other requests by the defendant upon this subject would have been confusing and misleading. The defendsnt endeavored to claim a cancellation by selecting from each way of cancelling such parts, and parts only, as it chose.
*50 The defense, during the trial, raised a question of the ownership of the goods by the plaintiff. There was no question of his having the legal title, the instrument under which he became the owner conveying it to him. It was claimed thathe was bound to account for a part of their proceeds to a former partner named Burke. The evidence tended to show that Leonard, a responsible farmer, had been defrauded by Burke into a partnership ; that by a further fraud the two sold out to a Mr. Stewart; that Leonard brought a suit in the name of Burke & Leonard, attaching the goods, and that the suit was settled by a new contract, wherein certain property was re-conveyed to Leonard, certain property was re-conveyed to Stewart, and Burke left in possession of a farm conveyed to him on the sale of Burke & Leonard to Stewart. It does not appear that Burke ever claimed that Leonard was to account to him. The contracts were in writing, and were to be construed by the court. The contracts did not bind Leonard to account. It is said, nevertheless, that there was some evidence by an answer by Leonard himself, in another case, that Burke had an interest therein. There is no question on the evidence that there was an insurable interest in plaintiff, and that for the purpose of insurance, that interest was the full title to the property. That he might be bound to account for a part of the proceeds after he received them, would not prevent a full insurable interest, on an allegation that he was the owner, and a denial of it. The court might well have charged from the contracts that Leonard's insurable interest was a full ownership.
The court charged the law in accordance with the views we have expressed, adding: “that if he had an insurable interest in the property, the policy would not be void unless you further find that the plaintiff, at the time he procured said policy, falsely and fraudulently represented his interest therein to the agent of the company." If the company claimed that the policy became void because of false and fraudulent representations by the plaintiff, it was their part to plead that in defense. *51 Fraud is never presumed, and is to be pleaded, and it does not devolve upon plaintiff to allege the representations in an insurance contract, and then prove that they were not false,and fraudulent. In Insurance Co. v. McCookey, 33 Ohio St. 555, the court lay down the rule that unless the terms of the policy require the truth of the representations to be averred as precedent to a right of action, a good cause of action is averred without this ; “ but the falsity of such representations, where they are such as to invalidate the policy, may be set up by way of defense.” See, also, the cases there cited, and 92 U. S. Rep. 377, and 101 U. S. Rep. 314. But defendant alleges neither representations, nor that they were false and fraudulent.
As plaintiff had undeniably an insurable interest in all the property, the charge was right as to insurable interest; the addition as to false and fraudulent representations seems unnecessary and immaterial, as there was no such defense set up; but we do not perceive that it was injurious to the defendant, nor was it error in law.
The question that has given us more labor arises under the terms of the policy. The clause of the policy succeeding that as to misrepresentation is (as fully as we need to quote it) as follows: “This entire policy, unless otherwise provided by agreement indorsed herein or added thereto, shall be void if * * the interest of the assured be other than unconditional and sole ownership.”
Preceding this cause of forfeiture are other causes as follows : other insurance; if the hazard be a manufacturing risk operating later than 10 P. M.; or ceasing to operate for ten days; increase of hazard; or employment of mechanics more than fifteen days. Following the above clause relied on, is leased ground; chattel mortgages ; foreclosure proceedings ; change of interest, title, or possession save by death ; assignment of policy; making illuminating gas; or if there be kept on the premises benzine, bensole, dynamite, etc., etc., etc.; or if building become vacant for ten days. It is said that the plaintiff should be the unconditional and sole owner was a *52 condition precedent; that when in the petition the plaintiff alleged “ that he had duly performed all and singular the conditions on this part to be performed,” it devolved on him to show more than that he was the owner of the property insured, and to prove that his was a sole and unconditional ownership.
It will be remembered that he did not set forth a copy oí the policy. He excused himself, it being in the possession of the defendant, who would not allow him even a copy. Nor did the defendant set up any special defense save that the policy had been surrendered by an independent agreement. And the defendant claims this issue solely by the very general averment quoted and denied by it. But nowhere in the pleadings appears the condition or warranty which the defendant now claims made the policy void ab initio.
The defendant asked the court to charge: “ It was, provided in said policy that if the interest of the plaintiff be other than unconditional and sole ownership, said policy would be void; and unless you should find that at the time said policy was issued to plaintiff, or was in force, the plaintiff was the sole and unconditional owner, then he cannot recover in this action.”
It would seem that the court should not be obliged to charge upon a separate and special defense which nowhere appears in the pleadings, the foundation of this defense being the unpleaded condition of warranty. Further, it does not seem to us that this one was a condition precedent, compliance with which was to be proved by plaintiff under his general allegations. The reading of the whole clause does not lead to the conclusion that it was in contemplation of the parties to the contract that the plaintiff would aver and prove that none of these numerous cases in which the policy was to be void, had happened, and it seems to us that any or all of these conditions were such as might be waived or insisted upon at the choice of the company. The very position of this clause, with many other clauses before and after it, which were certainly *53 to be only pleaded and proved by the company, helps to this construction.
It may well be said: “Void means voidable. Though the contract is said to be avoided by the violation on the part of the insured of any of the conditions or warranties inserted for the benefit of the insurers; this means that the contract is voidable at the option of the insurers.” Richards on Insurance, p. 67, art. 61.
Says our own Supreme Court: “Stipulations in a contract providing for disabilities or forfeitures are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced. To seize on words introduced in the policy as a safeguard and make them available to defeat the claim of the assured on the theory of a technical forfeiture, is in no possible view permissible.” West v. Ins. Go., 27 Ohio St. 13; Blackwell v. Ins. Co., 48 Ohio St. 540.
But it is'said the policy never took effect. It was delivered with such a disability or forfeiture as made it voidable at the option of the insurance company, if the facts warranted that step. The company has not undertaken to exercise such right, if any it had, and has not plead that defense.
Counsel has cited to us general expressions that such a clause is a condition precedent; that conditions precedent must be averred and proved by plaintiffs. But in practice such a defense is uniformly or nearly uniformly set up and undertaken to be proved by defendant.
In Ins. Co. v. Ewing, 92 U. S. 378, Justice Miller, after forcibly stating the hardship of obliging plaintiff to prove every warranty, says: “ On the other hand, it is no hardship, that if the insurer knows or believes any of these statements to be false, he shall furnish the evidence on which that knowledge or belief rests. He can thus single out the answer the truth of which he prefers to contest, and if he has any reasonable grounds to make such an issue, he can show the facts on which it is founded.”
Quincey A. Gillmore and Goulder & Holding, for plaintiff in error.
Webber & Stroup, C. A. Metcalf and E. G. Johnson, for defendant in error.
The language relied on by the company as to sole and unconditional ownership seems to be a warranty, and is so held in Burns v. Fire Association, 136 Pa. St. 267; see also Doliver v. Insurance Co., 128 Mass. 315.
Our views are well stated in Abbott’s Trial Evidence, page 492: “Special matters of defense, including false warranty and representations and concealment, must be pleaded, or they cannot be proved,” and seem to be supported in the main by such authorities as are, by their facts, in point here. It has been the general practice of the defendant to plead such defenses. Cases cited in Abbott’s Trial Evidence; Redman v. Ins. Co., 49 Wis. 431; Ins. Co. v. Pickel, 119 Ind. 155; Wood on Insurance, sec. 209.
We may add in conclusion that in our opinion the evidence in the case proved the plaintiff to be in fact “ the sole and unconditional owner” of the goods destroyed.
The plaintiff was, by the written contracts, the legal and sole owner, and entitled to receive the whole amount of the loss. There was no “ condition ” about this ownership, but at most a liability to account to Burke for á part of the proceeds, if they should exceed the amounts invested by plaintiff.
It does not appear that that amount was exceeded, or that there was in fact any such liability to account to Burke as would result in any proper claim on the part of Burke for any part of the proceeds.
So that plaintiff was the legal owner entitled to all the proceeds, and as far as appears, to retain them for his own use. Hough v. Insurance Co., 28 Conn. 10.
The judgment of the court of common pleas is affirmed.