WILLIAM A. GUEST v. THE NEW HAMPSHIRE FIRE INSURANCE COMPANY.

*Fire insurance—Condition of title—Equitable ownership—Additional insurance by mortgagee—Forfeiture of policy.*

1. An applicant for insurance is not required to show the *exact* condition of his title unless requested to do so (*Castner v. Farmers' Mut. Fire Ins. Co.*, 46 Mich. 15), and equitable ownership will support a recital of ownership (*Farmers' Mut. Fire Ins. Co. v. Fogelman*, 35 Mich. 481.)

2. The failure by an applicant for fire insurance to mention incumbrances, if not inquired about, the application being *oral* and no *deceit* being practiced, is immaterial. *O'Brien v. Ohio Ins. Co.*, 52 Mich. 131.

3. As the loss of mortgaged insured property diminishes the mortgagor's means of payment, it cannot be said that a mortgage lessens the insurable interest, unless there is a stipulation to the contrary, or some very *peculiar* state of things.

4. A clause avoiding a fire-insurance policy if the assured obtains further insurance without the written consent of the company cannot prevent a mortgagee from insuring his own risk.

5. *Subsequent* insurance by a mortgagee cannot be treated as *further* insurance which will vitiate a policy in favor of the mortgagor, whose application gave notice of such mortgage, and of the right of the mortgagee to secure further insurance.

Error to Bay. (Green, J.) Argued April 28, 1887. Decided May 5, 1887.

Assumpsit.    Defendant brings error.    Affirmed.    The facts are stated in the opinion.

*Pratt & Gilbert,* for appellant.

*Shepard & Lyon,* for plaintiff.

CAMPBELL, C. J.    In this case plaintiff recovered on a policy of insurance upon a dwelling.    He held a contract of purchase, which he had assigned, as collateral to a building debt, to one Harrison.    Harrison afterwards took out a policy for his own interest.    After the house burned, Harrison collected that policy, and applied the proceeds on the mortgage.    The company defended on the ground that plaintiff did not state truly his interest; that the Harrison policy constituted other insurance, and vitiated this policy; and on some other questions, chiefly relating to the same general grounds.

There was no written application, and there were no written questions and answers.    The policy contained no reference to title, except the recital: "Lot held by virtue of a land contract."

There is nothing in the case which shows that there was any misrepresentation concerning the title, unless a failure to mention the incumbrance to Harrison can be so treated. There was testimony both from plaintiff and the insurance agent indicating that the latter knew all about it.    The case practically comes back to the question whether failure to mention the mortgage in the policy is a practical misrepresentation.

It was held in *Castner v. Farmers' Mut. Ins. Co.,* 46 Mich. 15, that a person getting insurance was not required to show the exact condition of his title unless requested to do so.    In *Farmers' Mut. Fire Ins. Co. v. Fogelman,* 35 Mich. 481, it was held equitable ownership would support a recital of ownership.    In *O'Brien v. Ohio Ins. Co.,* 52 Mich. 131, it

was held a failure to mention incumbrances, if not inquired about, and if the application was oral, and no deceit practiced, was immaterial. A similar principle was laid down in *Tiefenthal v. Citizens' Mut. Fire Ins. Co.*, 53 Mich. 306. As the loss of the insured property would diminish the mortgagor's means of paying the mortgage, it cannot be said that a mortgage lessens the insurable interest, unless there is a stipulation to the contrary, or some very peculiar state of things. The policy was not void here for that reason.

The policy is made voidable if the assured obtains further insurance without the written consent of the company indorsed thereon. But this cannot prevent the mortgagee from insuring his own risk. The assured could not prevent his doing so, and it is not the act of the assured. The charge of the court was emphatic that, if there was any collusion so that the assured was to be interested in the further policy, his insurance would be avoided. The jury have settled the question in favor of plaintiff. This Court has recently decided that subsequent insurance by a mortgagee cannot be treated as further insurance which will vitiate a policy in favor of the mortgagor, and it is not necessary to enlarge upon it. *Carpenter v. Continental Ins. Co.*, 61 Mich. 635.

This being so, the defendant is in no way interested in the use which the mortgagee made of his insurance money. It was entirely foreign to this policy, and can be no defense to it.

We do not think the record sustains the objection that the court submitted the case to the jury on the proofs of loss furnished to the company.

It was not error to reject the opinion of Mr. Hannah concerning the value of the house insured. He did not show that he had any competent knowledge.

The other points are all dependent on what we have already referred to.

The judgment should be affirmed.

The other Justices concurred.