[ Argued December 7, 1892; decided December 19, 1892.]

.GEO. T. HARDWICK *v.* STATE INSURANCE CO.

[ S. C. 31 Pac. Rep. 656.]

1. INSURANCE—PRELIMINARY CONTRACT.— Where an insurance company makes a preliminary oral contract for insurance, and agrees to issue a policy, but afterwards refuses to do so, the company, in an action against it for loss of the property by fire, can claim no exemptions from liability on account of any provision which the policy would have contained had it been issued.

2. NONSUIT—AUTHORITY OF AGENT.—In an action against an insurance company for loss of property by fire, where it appears that defendant's agent orally agreed to insure plaintiff, and to issue a policy at a future time, and that defendant afterwards refused to issue the policy, a nonsuit is properly refused where there is some evidence tending to show that the agent was acting within the apparent scope of his authority, and that plaintiff was ignorant of any limitations thereon.

3. CONTRACT FOR INSURANCE—AUTHORITY OF AGENT.—In an action for the breach of an oral contract for insurance made with an agent of defendant, testimony of persons as to transactions had by them with the agent as such, is competent as tending to show the manner in which he was held out by defendant as its agent, and the apparent scope of his authority.

4. CONTRACT FOR INSURANCE — INCUMBRANCE ON PROPERTY.— The fact that one who has made an oral contract for insurance with the company's agent preliminary to the issuance of a policy afterwards gives a mortgage on the property, will not prevent his recovery for a loss, where the agent consented thereto.

5. VERDICT OF JURY — APPEAL — CONFLICTING EVIDENCE.— Questions of fact upon conflicting evidence, as well as inferences which may reasonably be drawn from the facts proved, cannot be reviewed by an appellate court; they are settled by the verdict.

Yamhill County : REUBEN P. BOISE, Judge.

Defendants appeal. Affirmed.

This action was brought to recover $1,000 on a preliminary oral contract for insurance. A policy was issued, but it was claimed that the building had not been properly classified, and plaintiff gave up the policy to the local agent, who promised to have a corrected policy issued at once. The agent agreed that the new policy should be in force from July 20, 1889, but owing to sickness the old policy was not sent in for cancellation, and on August 18, 1889, the building was burned. The company then refused to issue a new policy, and refused to pay the loss. After a trial the defendant appealed and secured a reversal: 20 Or. 547 (26 Pac. Rep. 840). A second trial resulted in another judgment for plaintiff, and the defendant again appeals.

*William D. Fenton ( Bronaugh & McArthur,* and *George H. Burnett,* on the brief), for Appellant.

*Hartwell Hurley ( Caples & Allen* on the brief), for Respondent.

BEAN, J.—This is the second appeal in this case, and there is no substantial difference in the issues and facts as now presented, so far as any questions arising on this appeal are concerned, from those on the former appeal, except as hereafter noted.

The cause was reversed on the former appeal and a new trial ordered (20 Or. 547; 26 Pac. Rep. 840), because the complaint did not state facts sufficient to constitute a

cause of action, in that it failed to allege that plaintiff had an insurable interest in the property at the date of the contract and time of the loss, or had paid or tendered the premium agreed by him to be paid, and in the opinion then delivered it became necessary for us to consider at considerable length the law of principal and agent as applied to the facts of this case, and it is therefore unnecessary for us to again enter upon a discussion of that question.    An amended complaint was filed in the court below in terms the same as the original, except that it contains an averment of plaintiff's insurable interest, and of a tender of the premium.    Upon issue joined a trial was had, resulting in a verdict and judgment in favor of the plaintiff, from which defendant appeals.

1.    Although the notice of appeal contains numerous assignments of error, the most important of them are based upon the theory that this is an action on an oral contract of insurance, which is presumed to contain the terms and conditions usually inserted by defendant in its policies of insurance in like cases, and that plaintiff, having neglected and failed to comply with such terms and conditions, and furnish the proof of loss and commence this action within the time usually provided in such policies, cannot maintain this action.    This question was presented and decided in the former appeal, the court saying, in 20 Or., p. 551:    "We do not understand this action to be based upon an oral contract of insurance, but upon an alleged preliminary oral contract, by which it was agreed that defendant should insure plaintiff upon the property for one year, for the sum and at the rate agreed upon from the time of making the contract, and that a policy should thereafter be made out by the defendant company at its home office, to take effect from that time."    And again, on page 556:    "This action is not based upon the terms of any policy, but upon the breach of a contract.    Although plaintiff testified that the policy to be issued was to be in terms the same as the former one, except as to the length of time and amount of pre-

mium, defendant refused to issue or deliver the policy according to contract, and hence this action. Having failed to issue the policy, it can claim no exemption from liability on account of any provision the policy might or would have contained had it been issued." Nothing more need be said upon this question.

2.   The motion for a nonsuit was properly overruled. There was some evidence tending to show that Maris was acting within the scope of his real or apparent authority, and that plaintiff was ignorant of any limitations upon such authority when he made the preliminary contract for insurance with him, and consequently the court could not properly take the question from the jury.   Our views on this branch of the case are sufficiently stated in the former opinion.

3.   The evidence of the witnesses Carter, Noble, and Olds to certain transactions they each had with Maris, as the agent of defendant, was we think competent as tending to show the manner in which he was held out by the defendant as its agent and the apparent scope of his authority.

4.   The only remaining question necessary to be noticed is the effect of the mortgage given by plaintiff on the property after the preliminary oral contract for insurance was made and before the loss.   The evidence tends to show that at the time the contract was made, plaintiff informed Maris that he desired and intended to mortgage the property and assign to the mortgagee the policy to be issued, and that Maris consented thereto and stated that it was all right, and the matter could be properly arranged when the policy was issued.   If this was the fact, and for the purposes of this case we must so assume, the giving of the mortgage did not invalidate the contract or render the insurance void : *Benninghoff* v. *In. Co.* 93 N. Y. 495; *Guest* v. *Ins. Co.* 66 Mich. 98 (33 N. W. Rep. 31).

5.   We are precluded by the verdict of the jury from reviewing any questions which have been determined upon conflicting evidence, or upon those inferences which

may reasonably be drawn from the facts proved on the trial.   Of such character was the question as to whether the preliminary oral contract was made between plaintiff and Maris, and whether such contract was within the real or apparent scope of Maris' authority, and hence we have no alternative but to affirm the judgment, as we find no errors of law committed by the trial court.

Judgment affirmed.