[Decided at PENDLETON July 31, 1897.]

KOSHLAND v. HOME INSURANCE COMPANY.

(49 Pac. 864.)

| 31 | 321 |
| 31 | 363 |
| 31 | 403 |
| 31 | 321 |
| f33 | 108 |

1. INSURANCE— NEW MORTGAGES.— Where property has been insured with knowledge of existing incumbrances, the mortgaging of such property without the consent of the company to provide funds which are used to pay off the existing incumbrance is not a violation of a provision that the policy shall be void "if the subject of the insurance be or become incumbered by mortgage."

2. IDEM.— A subsequent change in the form of the incumbrances on insured property, which were known when the policy was issued, will not work a forfeiture of the policy, so long as the amount is not increased.

From Umatilla: ROBERT EAKIN, Judge.

On the nights of the ninth and tenth of June, 1895, one Charles Cunningham lost by fire a large amount of property in Umatilla and Morrow counties, which was insured in several different companies, the defendant, the Home Mutual Insurance Company, being among the number. Its policy was for $11,825 on three frame buildings and a quantity of hay therein; also, $4,680 on sheep, while contained in a building described in the policy. After the fire Cunningham assigned the policy and all his rights thereunder to the plaintiff; and, the defendant having denied liability, this action was brought to recover on the policy. Within the time required to answer, the defendant appeared and filed a petition and bond for the removal of the cause to the Circuit Court of the United States for the District of Oregon, on the ground that the controversy is between citizens of different states, and that it is a nonresident of this state. This

petition was denied, and defendant answered, setting up, among other things, as a defense to the action, the violation of a condition of the policy of insurance which provides that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of the insurance be or become incumbered by mortgage, trust deed, judgment, or otherwise," by the assured executing, without the knowledge or consent of the defendant company, a mortgage upon the property covered by the policy, for the sum of $28,000. The reply admits the execution of the mortgage as charged, but avers that at the time of the issuance of the policy of insurance the real property upon which said buildings were situate was incumbered by three certain mortgages, amounting in the aggregate to the sum of $25,000, which sum was also secured by a chattel mortgage on the sheep covered by the policy, and that the risk was accepted and the policy issued by the defendant company with full knowlege of the existence of these incumbrances; that after the issuance and delivery of the policy the sum secured by the mortgages referred to became due, and, the holders thereof demanding payment, Cunningham paid them with money borrowed of the plaintiff, to secure the payment of which he made, executed, and delivered the mortgage referred to in the answer, which covered not only the property included in the prior mortgages, but a large amount of other property, of the alleged value of $28,000. Trial was had, resulting in a verdict and judgment in favor of plaintiff for the sum of $6,375, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Chamberlain & Thomas*, with an oral argument by *Mr. George E. Chamberlain*.

For respondent there was a brief and an oral argument by *Messrs. John J. Balleray* and *Charles H. Carter*.

MR. JUSTICE BEAN, after making the foregoing statement, delivered the opinion of the court.

The record contains numerous assignments of error, but the only ones relied upon at the argument or discussed in appellant's brief arise out of the refusal of the trial court to surrender its jurisdiction on the filing of the petition and bond by the defendant for removal to the federal court, and in refusing to rule that the mortgage of $28,000 to the plaintiff, referred to in the pleadings, was a violation of the condition of the policy against incumbrances, and rendered it void. Upon the first question but little need be said. While the petition for removal avers that the plaintiff was at the time of the commencement of the action, and still is, a citizen of the State of Oregon, and that the defendant was and is a citizen of the State of California, it was nevertheless admitted in open court by the defendant at the hearing, and made a part of the record, that the allegations of the petition on that subject are not true, but that plaintiff is, and was at the time of the commencement of the action, a citizen and resident of the State of California. The petition was treated in the court below as if it had been amended accordingly, and will be so consid-

.ered here. This being so, the case is clearly not one
of which the federal courts are given jurisdiction by
the first section of the act of congress of March 3,
1887, on the ground of diversity of citizenship, be-
cause both parties are residents of the same state, and
the jurisdiction of such courts on removal by the de-
fendant is limited by that section to such cases as
might have been commenced therein by original pro-
cess: *Railroad Company* v. *Davidson*, 157 U. S. 201 (15
Sup. Ct. 563). Hence the trial court properly refused
to surrender its jurisdiction, upon the facts appearing
of record in that court.

1.   Upon the other point the record shows that, at
the time the policy of insurance in suit was issued, Cun-
ningham, the assured, was the owner of about twelve
thousand acres of land in Umatilla and Morrow coun-
ties, with the buildings and appurtenances thereon,
and was also the owner of about eighteen thousand or
twenty thousand head of sheep ranging on said land;
that the real estate was incumbered by three separate
mortgages to secure the sum of $26,415.38 in the ag-
gregate, which sum was likewise secured by a chattel
mortgage on the sheep referred to, and the contract of
insurance was made and the policy issued, covering
some of the buildings on the mortgaged property and
their contents, and $4,650 on the sheep, with knowl-
edge that the property was so incumbered. After the
policy had been issued and delivered, and before the
fire, Cunningham borrowed of plaintiff the money
with which to pay off and discharge these incum-
brances, and gave as security therefor a mortgage not
only on the property included in the prior mortgages,

but on a large amount of other property, and this is
the mortgage referred to in the pleadings.  There is
no contention that the policy is void on account of
the incumbrances on the property at the time the in-
surance was effected, but the question presented for
decision is whether, after the issuance and delivery of
a policy of insurance, the giving of a mortgage by the
assured on the property covered thereby, without the
consent of the company, to secure the funds with
which to pay and discharge an incumbrance existing
thereon, is a violation of the provision that it shall be
void "if the subject of the insurance be or become in-
cumbered by mortgage" without the consent of the
company indorsed thereon in writing.  Now, if this
clause in the policy is to be given a strict and literal
interpretation, it would seem that any incumbrance
given by an assured after the policy has been issued
and delivered is a violation thereof, whatever may
have been the purpose for which it was given.  But
courts are always reluctant to enforce forfeitures; and
when one mortgage is given practically as a substitute
for another, as in this case, there is no reason, in our
opinion, for doing so.  The rule that an incumbrance
in violation of the terms of a policy of insurance
works a forfeiture is based on the theory that it in-
creases the risk; for, if a man may insure his property
to its full value, and then incumber it to its full value,
it may easily be seen how it may be turned into a
source of profit: *Brown* v. *Insurance Company*, 41 Pa.
St. 187.  But, where the policy is issued with knowl-
edge by the company of an existing incumbrance, a
subsequent renewal thereof, or a new incumbrance

given for the purpose of discharging the old one, does not increase the risk, because the incumbrance practically remains the same. By issuing the policy the company contracts to accept the risk, incumbered as the property then is; and a subsequent change in the form of the incumbrance, or the substitution of one creditor for another, is not a violation of the spirit or intent of the contract, and therefore ought not to work a forfeiture of the insurance. If the assured cannot use the property covered by the policy as security for the money with which to pay off an incumbrance existing at the time it is issued, he is either at the mercy of the company, or else must suffer the risk of having his property sold under a decree of foreclosure. There is neither reason nor justice in a doctrine which requires him to suffer in that way, when no possible harm can be done to the insurer by substituting one creditor for another, or one security for another. The risk remains the same, for the interest of the assured in the property is unchanged. There is some diversity of opinion in the adjudged cases as to whether, after an existing mortgage has been paid and discharged, the assured can give another for the same or a less amount without violating the condition of the policy against incumbrances; but, where the new mortgage is given merely in lieu of an existing incumbrance, reason as well as authority favors the doctrine that it does not increase the risk, and therefore is no violation of the conditions of the policy against incumbrances: *Bowlus* v. *Phœnix Insurance Company*, 133 Ind. 106 (20 L. R. A. 400, 32 N. E. 319); *Kister* v. *Lebanon Mutual Insurance Company*, 128 Pa. St. 553

(5 L. R. A. 646, 15 Am. St. Rep. 696, 18 Atl. 447); *Dwelling House Insurance Company* v. *Gould* (Pa. Sup.), 19 Atl. 793; *Weiss* v. *Insurance Company*, 148 Pa. St. 349 (23 Atl. 991); *Kansas Fire Insurance Company* v. *Saindon*, 53 Kan. 623 (35 Pac. 15); *Georgia Home Insurance Company* v. *Stein*, 72 Miss. 943 (18 So. 414); *Russell* v. *Insurance Company*, 71 Iowa, 69 (32 N. W. 95). It follows that the judgment must be affirmed, and it is so ordered.

AFFIRMED.

[Decided October 25, 1897.]

ON REHEARING.

MR. JUSTICE BEAN delivered the opinion of the court.

2. During the progress of the trial, defendant offered to prove that the amount of the incumbrances on the property at the time the insurance was effected had been reduced by payments, and did not exceed $16,000 at the time plaintiff's mortgages were given, and therefore the statement in the opinion heretofore filed that they were given for the purpose of raising money with which to pay prior incumbrances was not strictly accurate. But, in our opinion, the evidence offered was immaterial. The question was not so much whether the amount secured by plaintiff's mortgages exceeded that actually due on the prior liens at the time of their execution as it was whether the risk had been thereby increased. The rule that an incumbrance on insured property, in violation of the terms of the policy, works a forfeiture, proceeds upon the theory that it increases the hazard, by reducing the

interest of the assured in the property covered by the policy, and consequently his interest in its preservation. But the reason of this rule ceases where the policy is issued with knowledge of existing incumbrances. The insurance in that case in effect contracts to accept the risk according to the assured's present interest in the property, and a subsequent change in the form or amount of the incumbrances ought not to work a forfeiture of the policy so long as the amount of such incumbrances is not increased. The interest of the assured remains unchanged, and the moral hazard the same. It is true, there is some conflict in the authorities upon this question; but we take this to be the better rule, and supported by the weight of authority. See cases cited in the original opinion.

REHEARING DENIED.