[Decided at PENDLETON July 31, 1897.]

KOSHLAND v. FIRE ASSOCIATION.

(49 Pac. 865.)

1. INSURANCE— NEW INCUMBRANCE.—An insurance policy the terms of which provide that it shall be void "if the hazard be increased" is not forfeited where a mortgage is given in lieu of and for the purpose of discharging incumbrances on the property which the insurance company was informed of at the time the insurance was effected: *Koshland* v. *Home Insurance Company*, 31 Or. 321, applied.

2. Amendment After Motion for Nonsuit.—Permitting an amendment of a complaint by alleging an insurable interest in plaintiff's assignor at the time of a loss is not affecting any substantial right of the plaintiff in an action on a fire insurance policy, but is clearly a wise exercise of judicial discretion in the matter of amendments. Under section 101, Hill's Ann. Laws, such an amendment may properly be made after a motion for a nonsuit.

From Umatilla: Robert Eakin, Judge.

Action by Marcus S. Koshland against the Fire Association of Philadelphia. From a judgment for plaintiff, defendant appeals.

Affirmed.

For appellant there was a brief over the name of *Chamberlain & Thomas,* with an oral argument by *Mr. George E. Chamberlain.*

For respondent there was a brief and an oral argument by *Messrs. John J. Balleray* and *Chas. H. Carter.*

Mr. Justice Bean delivered the opinion of the court.

1. This is an action to recover $1,000 on an insurance policy issued by the defendant to one Charles Cunningham, covering certain buildings and personal property which were destroyed by the fire referred to in the case of *Koshland* v. *Home Ins. Co.* 31 Or. 321 (49 Pac. 864), and by Cunningham assigned to the plaintiff after loss. So far as necessary to a correct understanding of the principal question to be determined on the appeal in this case, it is sufficient to say that the defense interposed is that the insured violated a condition in the policy which provides that it shall be void, unless otherwise provided by agreement in-

dorsed thereon or added thereto, "if the hazard be increased by any means within the control or knowledge of the insured, or if the subject of the insurance be personal property, and be and become incumbered by chattel mortgage, or if any change other than by the death of an insured take place in the interest, title, or possession of the subject of insurance, whether by legal process of judgment, or by voluntary act of the insured, or otherwise." The particular violation of this condition relied upon and alleged as a defense to this action is that on June 4, 1895, Cunningham, without the knowledge or consent of the defendant company, executed to the plaintiff a mortgage on the real estate upon which the buildings destroyed by fire and covered by the policy were situated, to secure the payment of $28,000; and the defendant claims that the court erred in refusing to submit to the jury as a question of fact whether the hazard was increased by reason of this mortgage. There is very respectable authority for holding that the creation of incumbrances, whether voluntary, as in case of mortgages, or involuntary, as in case of tax liens, is not to be considered a violation of a condition in an insurance policy like the one quoted. See Richards on Insurance, §§ 141, 145, 147, and authorities there cited. But, however this may be, it appears in this case that the mortgage in question was given in lieu of, and for the purpose of discharging, incumbrances on the property of which defendant had full knowledge at the time the insurance was effected; and the question presented therefore bears so close a resemblance to the one before us in *Koshland* v. *Home Ins. Co.*,

*supra*, that it is not necessary to do more than refer to the opinion in that case as authority for the ruling here. If a mortgage of the character indicated is not a violation of a condition in an insurance policy against incumbrances because it does not increase the risk, as was held in the case referred to, it clearly does not violate the terms of the policy now in hand on the ground that it increased the hazard, and the court committed no error in ruling that its execution was no defense to this action.

2. The only other assignment of error discussed in the brief is based on the ruling of the court in permitting the plaintiff to amend his complaint by alleging an insurable interest in Cunningham at the time of the loss, and to call witnesses to prove such interest after the defendant had moved for nonsuit for want of the allegation so permitted. But this amendment was not only manifestly in the furtherance of justice, but was one which the trial court had the undoubted power to grant, under section 101 of the Code. It did not change the cause of action attempted to be set up in the complaint, nor did it affect any substantial right of the defendant, but simply supplied an omission which, through inadvertence, had been overlooked until attention was called thereto by the defendant's motion for nonsuit. It follows that the judgment of the court below must be affirmed, and it is so ordered.

Affirmed.