[Decided at PENDLETON July 31, 1897.]

## KOSHLAND v. HARTFORD INSURANCE COMPANY.

(49 Pac. 866.)

1. HARMLESS ERROR.—The erroneous admission of evidence offered in support of an allegation in the complaint which is not denied in the answer is not prejudicial to the defendant.

2. INSURANCE—MISREPRESENTATION AND CONCEALMENT.— A failure to disclose the existence of a mortgage on property sought to be insured, when the applicant is not interrogated upon that subject, is not such concealment, misrepresentation, or failure to state the interest of the insured as will render the policy void.

3. Mortgage as a Violation of Conditions of Policy.— A provision in a policy of insurance that it shall be void "if any change other than the death of the assured take place in the interest, title, or possession of the subject of insurance, except change of occupants without increase of hazard, whether by legal process of judgment, or by voluntary act of the insured, or otherwise," is not violated by a subsequent mortgage on the property covered by the policy.

From Umatilla: Robert Eakin, Judge.

Action by Marcus S. Koshland against the Hartford Fire Insurance Company. From a judgment for plaintiff, defendant appeals.

Affirmed.

For appellant there was a brief over the name of *Chamberlain & Thomas*, with an oral argument by *Mr. George E. Chamberlain.*

For respondent there was a brief and an oral argument by *Messrs. John J. Balleray* and *Chas. H. Carter.*

Opinion by Mr. Justice Bean.

This is an action against the Hartford Fire Insurance Company to recover $1,600 on a policy issued by it to one Charles Cunningham, and by him assigned to the plaintiff after loss. In many of its features the case is similar to the actions brought by the plaintiff against the Home Mutual Insurance Company, 31 Or. 321 (49 Pac. 864), and the Fire Association of Philadelphia, 31 Or. 362 (49 Pac. 865), to recover under policies issued by them, and covering property destroyed by the same fire which caused the loss under the policy now in suit; and therefore the questions presented on this appeal, so far as they have been con-

sidered in those cases, need not be further considered here.

1. It is claimed in this case that the court erred in admitting in evidence a writing purporting to be a denial by the defendant of liability under the policy in suit, signed, "William Reid, Adjuster for the Hartford Fire Insurance Company," and certain telegrams offered for the purpose of showing Reid's authority to bind the company. Considerable space in counsel's brief is devoted to the discussion of this question, and there would be much merit in his contention if the evidence was material to any issue in the case. The only object of its introduction was to show a denial of liability under the policy by the defendant, as an excuse for the failure of the plaintiff to make proof of loss as provided in the policy; but the complaint having alleged that, after the loss, plaintiff offered to make due proof thereof, but the defendant "refused to accept said proof, and denied all liability under said policy, in writing, and waived all proof of loss under said policy," and this allegation of a denial of liability and waiver of proof of loss being admitted by the answer, because not denied, there was no issue before the trial court upon the question of the denial of liability by the defendant, or of Reid's authority to bind it; and hence all evidence tendered upon that subject, and the errors, if any, committed by the court in its admission, were wholly immaterial, and could not have prejudiced the defendant.

2. It is also claimed that the court erred in withdrawing from the consideration of the jury the evidence offered by the defendant in support of the first

separate defense set up in the answer, and instructing
them not to consider such defense.   By this defense
it is averred, in substance, that the policy provides
that it shall be void if the insured has concealed or
misrepresented, in writing or otherwise, any material
fact or circumstance concerning the insurance, or the
subject thereof, or if the interest of the insured in the
property be not truly stated therein, and that in vio-
lation of this condition the assured falsely and fraud-
ulently concealed from the defendant, its officers and
agents, the existence of the mortgage then on the
property, and represented to it that the property was
unincumbered.   The only evidence offered in support
of this defense was the application for the insurance,
signed by Cunningham, in which it was stated that
the property was unincumbered.   But the testimony
of the local agent of defendant who took the applica-
tion and issued the policy was to the effect that he
filled out the application himself, and could not say
whether Cunningham read it or not; that he did not
remember whether he knew of the mortgages at the
time, or whether he made any inquiry of Cunning-
ham on that subject, or in regard to the property, and
could not say where he got the statements which ap-
pear in the application.   This evidence falls far short
of showing that the assured concealed or misrepre-
sented any facts or circumstances concerning the mort-
gage.   A failure to disclose the existence of the mort-
gages on the property at the time the application was
made was no violation of this provision of the policy,
nor of the clause that it shall be void "if the interest
of the insured in the property be not truly stated

therein," unless he was particularly interrogated upon · that subject: Richards on Insurance, § 136; *Dolliver* v. *St. Joseph Insurance Company*, 128 Mass. 315 (35 Am. Rep. 378). It follows, therefore, that the court did not err in instructing the jury to disregard the first defense because there was no evidence to sup- · port it.

3. Nor was there error in charging the jury that they need not consider the second defense, for the reason that a subsequent mortgage on property covered by a policy of insurance is not violative of a provision therein that it shall be void "if any change other than the death of the assured take place in the interest, title, or possession of the subject of insurance, except change of occupants without increase of hazard, whether by legal process of judgment, or by voluntary act of the insured, or otherwise": *Hartford Insurance Company* v. *Walsh*, 54 Ill. 164 (5 Am. Rep. 115); *Judge* v. *Connecticut Insurance Company*, 132 Mass. 521; *Walradt* v. *Phœnix Insurance Company*, 136 N. Y. 375 (32 Am. St. Rep. 752, 32 N. E. 1063). These are all the questions presented in this case which have not already been considered, and, finding no error in the record, the judgment is affirmed.

AFFIRMED.