Argued 5 April; decided 24 April, 1899.

### ARTHUR v. PALATINE INSURANCE CO.

[57 Pac. 62.]

1. INSURANCE—FAILURE TO DISCLOSE INCUMBRANCE NOT FRAUD.—Failure of an insured in a policy issued upon an oral application to inform an insurance company, without inquiry on its part, of mechanics' liens upon the property, is not a breach of a provision in the policy rendering it void if the insured conceals or misrepresents any material fact or condition concerning the insurance or the subject thereof, unless such failure was intentional and with the design to defraud: *Koshland* v. *Hartford Ins. Co.*, 31 Or. 402, followed.

2. INSURANCE—WAIVER OF CONDITION AS TO CHATTEL MORTGAGES.—An issuing and delivering of an insurance policy on an oral application without inquiry concerning mortgages or incumbrances upon the chattel property covered, and without any representation by insured with reference thereto, is a waiver of a provision avoiding the policy if the property be or become incumbered by a chattel mortgage: *Sproul* v. *Western Assurance Co.*, 33 Or. 98, applied.

From Multnomah:    HENRY E. McGINN, Judge.

Action by J. M. Arthur & Co. against the Palatine Insurance Company, limited, to recover the amount of loss under an insurance policy. The plaintiff had judgment.                                         AFFIRMED.

For appellant there was a brief over the name of *Chamberlain & Thomas*, with an oral argument by *Mr. Warren E. Thomas*.

For respondent there was a brief over the name of *Fenton, Bronaugh & Muir*, with an oral argument by *Mr. William D. Fenton*.

MR. JUSTICE BEAN delivered the opinion.

This is an action upon a fire insurance policy issued by the defendant to McGee Bros., insuring them to the amount of $3,500 on certain buildings, engines, boilers, and other mill machinery at Ballard, in the State of Washington, "loss, if any, payable to J. M. Arthur & Company, Portland, Oregon, as their interest may appear." The insurance was for one year from the third of February, 1895, and the property was destroyed by fire on the twenty-fifth of the same month. At the time the insurance was effected McGee Bros. did not own the property covered by the policy, but were in possession thereof under a contract with plaintiffs for its purchase, containing a covenant and condition to the effect that the title should not pass until the purchase price was fully paid, and the further condition that they should keep the property insured, and have the loss, if any, made payable to the plaintiffs as their interest might appear. A portion of the real property was incumbered at the time by sundry mechanics' liens, and the personal property by a chattel mortgage in favor of the plaintiffs, given as collateral to the conditional sale notes held by them. The policy provides that it shall be void "if the insured has concealed, or misrepresented, in writing or otherwise, any material fact or condition concerning the insurance, or the subject thereof, * * *" and "unless otherwise provided by agreement indorsed hereon, or added

thereto; * * * if the interest of the insured be other than unconditional and sole ownership; * * * or if the subject of insurance be personal property, and be or become incumbered by a' chattel mortgage.'' For the defendant it is claimed that, under these provisions, the policy is void because (1) the liens and incumbrances on the real property were material to the risk, and were concealed from the defendant by the assured at the time of the application for the insurance; (2) that the personal property was incumbered by a chattel mortgage of which the defendant had no knowledge; and (3) that the assured were not the sole and unconditional owners of the property. The questions on this appeal are confined, however, to the first and second defenses, because the jury found—and there was abundant evidence to support the finding—that the defendant was advised and had knowledge of the condition of the title, and of the interest of McGee Bros. in the property, at the time the insurance was effected; and it is not disputed that such knowledge operated as a waiver of the provision in the policy that it should be void ''if the interest of the assured be other than unconditional and sole ownership.''

1. Upon the first defense, the court charged the jury, in effect, that the failure of the assured to inform the defendant of the liens and incumbrances on the property would not render the policy void, unless it was intentional and with the design to defraud, and this is assigned as error. It is argued that the failure to inform the company of any facts or circumstances material to the risk would, under the provisions of the policy already quoted, render it void, without regard to the intention or design of the assured. The policy was issued upon an oral application, and the agent of the defendant company who made the contract of insurance, and who was familiar with the property, made no inquiries in refer-

ence to liens or incumbrances thereon, and no statements
or representations whatever were made in reference
thereto by the assured or any one in their behalf. In
such case the intention of the assured becomes of con-
trolling importance, and, in order to avoid the policy, it
must appear, not only that the matter concerning which
the insurer had no information was material to the risk,
but also that it was intentionally and fraudulently con-
cealed by the assured. Where inquiry is made, it is the
duty of the assured to disclose the facts relating to the
construction, location, situation, condition, and uses of
the risk, as well as to its character and value, whether he
knows them to be material or not. And it is not a ques-
tion as to what he supposes or believes in reference to
the subject-matter of the inquiry, but simply whether, in
fact, the matter inquired about is material to the risk,
and, if so, any failure on his part to answer the inquiry
fully will be fatal to his policy, even though it was not
fraudulent or designed. But the mere failure or neglect
to make known, without inquiry, facts which the insurer
may regard as material to the risk, is not a breach of the
provision of the policy above quoted, because the assured
has the right to assume that the insurer will make proper
inquiry in reference to such matters as it may deem ma-
terial to the risk, and that it waives knowledge as to all
other matters, except, possibly, in reference to unusual
or extraordinary circumstances within the knowledge of
the assured, but of which there is nothing to put the
insurer upon inquiry : *Koshland* v. *Hartford Ins. Co.*,
31 Or. 402 (49 Pac. 866); 1 May, Ins. §207 ; 1 Wood,
Ins. 517 ; Richards, Ins. § 136 ; *Sanford* v. *Royal Ins.
Co.*, 11 Wash. 653 (40 Pac. 609); *Morrison's Adm'r* v.
*Tenn. Marine Ins. Co.*, 18 Mo. 262 (59 Am. Dec. 299);
*Guest* v. *New Hampshire Ins. Co.*, 66 Mich. 98 (33 N. W.
31); *Alkan* v. *New Hampshire Ins. Co.*, 53 Wis. 137 (10

N. W. 9); *Short* v. *Home Ins. Co.*, 90 N. Y. 16 (43 Am. Rep. 138); *Continental Ins. Co.* v. *Munns*, 120 Ind. 30 (22 N. E. 78, 5 L. R. A. 430).

2.   It is next claimed that the court erred in charging the jury that, if there was no mistake or concealment by the assured in reference to the chattel mortgage, they could not find the policy void on account of its existence.   It is contended that the question of concealment is not material, under the clause providing that the policy shall be void if the subject of the insurance "be or become incumbered by a chattel mortgage," but that the pretended contract of insurance never had any validity, and was void at its inception, on account of such provision and the existence of a chattel mortgage on the property insured.   As we have already said, the policy was issued upon an oral application, without any inquiry on the part of the defendant as to liens or other incumbrances upon the property, and without any statement or representation in reference thereto by the assured, and the evidence does not disclose that either the insured or the plaintiffs were informed or knew that, if a mortgage existed, defendant would not take the risk, or that it would insert in the policy which it agreed to issue a clause making it void if the property was so incumbered.   Under such circumstances, we take the law to be that the company is deemed by its action to have consented to assume the risk of such liens and incumbrances as may have been upon the property, and to that extent to have modified or suspended the printed terms of the policy, which was prepared for general use, without reference to the particular case.   This is the only doctrine consistent with honesty and fair dealing, and is the logical result of *Sproul* v. *Western Assurance Co.*, 33 Or. 98 (54 Pac. 180), and is directly supported by *Wright* v. *London Fire Assoc.*, 12 Mont. 474 (19 L. R. A.

211, 31 Pac. 87); *Ætna Insurance Co.* v. *Holcomb*, 89 Tex. 404 ( 34 S. W. 915 ); *Hanover Insurance Co.* v. *Bohn*, 48 Neb. 743 (67 N. W. 774, 58 Am. St. Rep. 719); *German Mutual Insurance Co.* v. *Neiwedde*, 11 Ind. App. 624 (39 N. E. 534); *Insurance Co. of North America* v. *Bachler*, 44 Neb. 549 (62 N. W. 911).

After the loss, plaintiffs made and forwarded to the defendant full and complete proof thereof, showing the actual condition of the property, and the liens and incumbrances thereon at the time the insurance was effected ; and thereafter a representative of the defendant wrote to the attorneys of the plaintiffs to the effect that the company denied liability, on the ground that McGee Bros. were not the sole and unconditional owners of the insured property. The court below charged the jury that, in view of this letter, the defendant was precluded from making any other defense to the action than the one stated therein, and this ruling is assigned as error. Upon the question thus presented the authorities are in conflict. It is unnecessary, however, for us to consider it at this time, because the error, if any, was harmless. The entire evidence given on the trial, which is appended to and made a part of the bill of exceptions, shows that there was no fraud or deceit on the part of the insured, or any one representing them, and that the defendant made its contract of insurance, and issued and delivered its policy, upon an oral application, without making any inquiry in reference to liens or incumbrances upon the property covered thereby ; thus waiving the provision avoiding the policy if the property be incumbered by a chattel mortgage, and precluding any defense on account of the provision that it should be void if the insured had concealed or misrepresented any material fact concerning the risk. As the first and second defenses attempted to be made were therefore wholly unsupported by the

testimony, it was no injury to the defendant to withdraw them from the consideration of the jury. It follows that the judgment of the court below must be affirmed ; and it is so ordered. AFFIRMED.

Decided 13 February, 1899.