# N. P. MACK, RESPONDENT, *v.* THE CITY OF SALEM, APPELLANT.

MUNICIPAL CORPORATION — NOTICE OF DEFECTIVE SIDEWALKS. — To maintain an action against a municipal corporation for an injury to a person resulting from the bad condition of its streets, it must be alleged and proven that the corporation or its officers had notice of such condition of the streets, or a state of facts must be shown from which notice may be implied.

COMPLAINT — WAIVER. — The objection that the complaint does not state facts sufficient to constitute a cause of action, is never waived by a failure to demur or answer.

APPEAL from Marion County.

This is an action to recover damages for injuries received by the respondent in consequence of a fall upon a broken and defective sidewalk in the city of Salem. The jury found for the respondent in the sum of four hundred and seventy-five dollars, and he recovered judgment for that amount. There was no allegation in the complaint or evidence tending to prove that the city or its officers had notice of the defect complained of.

*Knight & Lord,* for appellant:

The complaint does not state facts sufficient to constitute a cause of action, for the reason that there is no allegation in the complaint that the appellant had notice of the defect in the said walk. No one can maintain an action against the corporation grounded solely on the defect and want of repair of the highway; but he must also allege and prove that the corporation had notice of the defect or want of repair, and that he was injured, either in person or property, in consequence of the unsafe and inconvenient state the highway. (*Weightman* v. *Corp. of Washington,* 1 Black, 52.)

A municipal corporation is not an insurer against accidents upon its streets or sidewalks; its duty in that respect is performed if they are kept in reasonably safe condition for travelers over them. (2 Dill. Mun. Cor. sec. 789; 33 Iowa, 398.) Before a municipal corporation can be held guilty of negligence on account of defects in the sidewalks (not arising from the original construction), or for an obstruction placed thereon by a wrong-doer, either express notice of the existence of the defect or obstruction must be brought home to it, or they must be so notorious as to be observable by all. (33 Iowa, 399; 24 Wis. 549; 4 Wallace, 195; 5 Duer, 674; 36 Barb. 227.)

*Cutting and Lawson,* for respondent:

"An objection to the sufficiency of the cause of action or defense, as stated in the pleadings, cannot be made on a motion for a new trial, but only in arrest of judgment. A good cause of action or defense, imperfectly stated, is covered by a general verdict, and a motion in arrest of judgment will not lie." As to liability of cities in such cases, see *Rice* v. *Des Moines,* 40 Iowa, 638; 55 Ill. 322; 35 Ill. 64.

On the point of notice being charged, plaintiff alleges that it was sufficiently charged, if not in direct words, yet by intendment, and was proven and was found by the jury. In support of this position plaintiff submits the following quotations from Chitty's Pleadings and Oregon reports: "The court is satisfied that the verdict is correct upon

the evidence, and ought not therefore to be set aside." (1 Or. 164.) "Where the general allegations in the declaration or other pleading are such as to require proof of any particular fact, which is not expressly stated, in order to entitle the plaintiff to a verdict, it will be intended after a verdict for him that such fact was duly proved and the defect aided." (1 Chitty's Pl. 678.)

"If the complaint does not aver, and the plaintiff fails to prove a necessary fact, the defendant must move for a nonsuit, else the verdict will aid the defects in the evidence as well as in the complaint." (Id. 680.) Contra: "The main rule on the subject of intendment is, that a verdict will aid defective statement of a title or cause, but will never assist a statement of a defective title or cause of action." (1 Chitty's Pl. 680.)

In the case at bar, it is alleged that the defendant's duty was to keep the side or crosswalk in repair. That it accepted the charter with that duty imposed. That the place where the injury was received was a sidewalk and crosswalk much traveled and used by the citizens of the city and others, so much so that said duty of said defendant was and became at the time of said injury a matter of general and public concern. Then is it not clear that this case is one of defective statement, and not one of a statement of a defective cause? It is not a defect that bars an action at any time, but that only abates it now. (10 Cal. —; 1 Chitty's Pl. 680; 9 Cal. 268.)

By the Court, PRIM, C. J.:

It is admitted by the pleadings in this case that it is the duty of the city of Salem, under its charter, to keep in repair, and in a safe condition for travelers, its streets and side and crosswalks.

Respondent having obtained a verdict and judgment in the court below, appellant seeks to reverse said judgment on the ground that the complaint upon which the judgment is based is fatally bad, for the reason that it does not contain a statement of facts sufficient to constitute a cause of action, in this, it contains no allegations that the corpora-

tion or its officers had any notice of the defect in the side and crosswalk alleged to have caused the injury complained of by respondent.

It does not appear from the transcript that the court below was ever directly called upon to pass on the sufficiency of the complaint. A general demurrer was interposed in the court below upon this ground, but was withdrawn by consent of parties without any action of the court upon it. Nor does it appear that a motion in arrest of judgment was ever made upon the ground; but appellant specifies this ground of error for the first time in his notice of appeal. And it is urged by counsel for respondent that the defect is waived and cured by verdict. If the complaint contained a cause of action, but defectively stated, the position would be correct and the authorities cited by respondent applicable. But that is not this case. The complaint is bad for the want of a material allegation to show the liability of the appellant for the injury complained of.

By section 70 of the code, "the objection that the complaint does not state facts sufficient to constitute a cause of action" is never waived by failing to demur or answer. (7 Barb. 581.)

To maintain an action against a municipal corporation for an injury to the person in consequence of its streets or sidewalks being defective and out of repair, it must be alleged and proved that the corporation or its officers had notice of such defect and want of repair, or at least a state of facts must be shown from which notice may be inferred or implied. Mr. Dillon in commenting on this question says: "As in such case the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or facts from which notice thereof may reasonably be inferred or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability. For in such cases the corporation is responsible only for reasonable diligence to repair the defect or prevent accidents after the unsafe condition of the street is known or ought to have been known to it or its officers, having authority to act respecting it." (Dill. on

Mun. Corp. 921.)    The doctrine that notice to the corporation is essential to fix liability in such cases as the one under consideration, is fully sustained by the following authorities: (*Mayor* v. *Sheffield*, 4 Wall. 195; *Wrightman* v. *Corp. of Washington*, 1 Black, 53; 24 Wis. 342; 33 Iowa, 397.)

The complaint in this case containing no allegations of notice, nor such a statement of facts from which notice might be implied, we think it insufficient to sustain the judgment, and it must therefore be reversed and the cause remanded to the court below for further proceedings.

Judgment reversed.