# S. A. HEILNER & CO., APPELLANTS, *v.* UNION COUNTY, RESPONDENT.

NOTICE OF DEFECT—ACTION FOR DAMAGES AGAINST COUNTY.—To maintain an action against a county for an injury to the goods of a person, resulting from the bad condition of its bridges, it must be alleged and proven that the county or its officers had notice of such condition of the bridges, or a state of facts must be shown from which notice may be implied.

IDEM—NEGLIGENCE, FACTS CONSTITUTING MUST BE PLEADED.—To aver that the bridge broke down with but one ordinary load of freight thereon, and that it was caused by the carelessness, negligence, and refusal of respondent to repair the same, is insufficient to charge respondent with negligence, but the facts constituting the negligence should be averred.

IDEM—ROAD SUPERVISORS, COUNTY LIABLE FOR NEGLIGENCE OF.—Although the counties are not liable for all the accidents that may occur in consequence of their roads and bridges being out of repair, yet their road supervisors are bound to keep vigilant watch over them, and whenever they know or might have known that they are out of repair, and fail to repair in a reasonable time, their counties become liable for injuries resulting therefrom.

APPEAL from Union County.

The complaint alleges in effect that, about October, 1876, the appellants shipped on freight trains a large amount of merchandise from Umatilla county, Oregon; that while the train which was hauling the merchandise was crossing the Grande Ronde river in Union county, over the county bridge at Oro Dell, with but one ordinary load of freight thereon, said bridge broke down and precipitated appellants' merchandise into the river; that such breaking of the bridge was caused by the carelessness, negligence and refusal of the county to keep the bridge in good repair. The complaint then alleges damages resulting from injury to the goods to the amount of eight hundred and seventy-eight dollars and fifty cents. The court below sustained a demurrer to the complaint, and the county had judgment for costs. From that judgment this appeal was taken.

*L. O. Sternes, John J. Balleray and Bonham & Ramsey,* for appellants.

*Frank M. Ish,* for respondent.

By the Court, PRIM, J.:

This is an action in which appellant seeks to recover damages for an injury to his goods, wares and merchandise, resulting from the breaking down of a certain bridge in Union county, whereby said goods were precipitated into the river and materially injured. A demurrer having been

sustained to the complaint, on the ground that it does not contain facts sufficient to constitute a cause of action, the court rendered judgment against appellant for costs, from which judgment this appeal is taken.

It is objected that the complaint is defective and insufficient, for the reason that it is not alleged therein that the county authorities of said county had notice that said bridge was out of repair and in an unsafe and dangerous condition at the time when the accident occurred.

In the case of *Mack* v. *The City of Salem* (6 Or. 275), it was held that in order to maintain an action of this character against a municipal corporation on account of its streets being defective and out of repair, it must be alleged and proved that the corporation, or its officers, had notice of such defect and want of repair, or at least a state of facts shown from which notice might be inferred.

This rule, we think, applies with equal force to complaints in actions against counties for injuries resulting from their roads and bridges being out of repair. The allegations of the complaint bearing upon this part of the case are as follows: "That while the team hauling said goods was crossing said river on said bridge, with but one ordinary load of freight thereon, said bridge broke down and precipitated said goods into the waters of Grand Ronde river; that the breaking down of said bridge, as herein stated, was caused by the carelessness, negligence and refusal of said defendant to keep said bridge in good repair, and which it was in duty bound to do, as aforesaid."

These allegations, we think, are insufficient to show negligence on the part of respondent or its officers. To charge the respondent with negligence it should not only have been averred that the bridge was defective and out of repair, and in what particular, but that the county authorities knew of it, or a state of facts averred from which they might have known it with reasonable diligence, and, with such means of knowledge within their possession, neglected and failed to repair within a reasonable time.

The breaking down of the bridge in question may have been caused by some latent defect which could not have

been seen with ordinary diligence, or it may have been the result of a sudden freshet in the river occurring only a short time prior to the alleged accident; in either of which events it could not be said that the respondent was chargeable with negligence. Although the counties can not be held liable for every accident that may occur in consequence of roads and bridges being out of repair, yet it is the duty of their road supervisors to keep vigilant watch over them, and when it comes to their knowledge that they are in an unsafe condition, they are bound to use reasonable diligence in repairing them; and if they fail to do so they are chargeable with negligence, and their counties are liable in damages to any one who may be injured either in person or property in consequence thereof. And although a road supervisor may have no actual knowledge that a road or bridge is out of repair, yet if the attending circumstances are such that he might have known it with ordinary diligence, he would be chargeable with notice.

But it was claimed, on the argument, that this complaint does not come within the rule laid down in the case of *Mack* v. *The City of Salem*, because there no negligence was alleged, while here it is claimed that it was. If a verdict had been taken in this case, the defective pleading might, probably, have been cured thereby; but it stands here upon demurrer with no intendments or presumptions in its favor, and under a familiar rule in pleading must be construed most strongly against the pleader.

To allege that the bridge broke down with but one ordinary load of freight thereon, and that it was caused by the carelessness, negligence, and refusal of said respondent to keep said bridge in repair, is insufficient on demurrer to show negligence; the facts constituting negligence should be averred.

Judgment affirmed.