Argued 3 July, decided 23 July, 1907.

## RIDINGS *v.* MARION COUNTY.

91 Pac. 22.

PLEADING—AMENDING COMPLAINT—DISCRETION.

1. Under Section 102, B. & C. Comp., providing for amendments to pleadings, where the complaint in an action for injuries sustained on a bridge said to have been defective, showed that the plaintiff had not been informed of the condition of the structure, but did not show that he was ignorant of its condition, discretion was well exercised in allowing an amendment accordingly, where it did not appear that defendant was misled or injured.

SAME—EFFECT OF OBJECTION UNDER ORIGINAL COMPLAINT.

2. The fact that under the original complaint objection was made to the admission of testimony as to plaintiff's lack of knowledge of the defect in the bridge does not deprive the court of power to allow the amendment : *Mendenhall* v. *Harrisburg Water Co.* 27 Or. 38, distinguished and explained.

HIGHWAYS—ESTABLISHMENT BY USER—PUBLIC IMPROVEMENT.

3. If a highway has been generally traveled, and has been improved by the public authorities as a *county road for a period* of ten years or more, it is a legal county road.

BRIDGES—AUTHORITY TO CONSTRUCT AND REPAIR.

4. In an action for personal injuries sustained because of a defective bridge, testimony to show that the road and bridge had been kept in repair by the road supervisor under the direction of the county court is admissible without showing an order of the court authorizing or directing him to keep them in repair, or that no record of such authority had been made, since under the statute the road supervisor is an officer of the county appointed by the county court, which has charge of highways and bridges, and it is his duty to keep the roads in repair.

BRIDGES—USE FOR TRAVEL—CONTRIBUTORY NEGLIGENCE.

5. Where a county constructs or maintains a bridge for use by the public, a traveler may assume, in the absence of information to the contrary, that he may safely travel over any portion of the bridge, and in doing so he is not guilty of contributory negligence.

TRIAL—INSTRUCTIONS—SUFFICIENCY OF AS A WHOLE.

6. Where an instruction as a whole clearly states the law as to the measure of damages for personal injury, and the jury could not have been misled thereby, it will not be held insufficient on account of the wording of a portion thereof.

From Clackamas: THOMAS A. McBRIDE, Judge.

Action for personal injuries by H. P. Ridings against Marion County, removed for trial to Clackamas County. Plaintiff recovered a judgment of $1,250, from which defendant appealed.                                              AFFIRMED.

For appellant there was a brief over the names of *John H. McNary,* District Attorney; *C. L. McNary* and *Carson & Cannon,* with an oral argument by *Mr. Charles Linza McNary.*

For respondent there was a brief over the names of *Charles D. Latourette, George Greenwood Bingham* and *E. P. Morcom,* with oral arguments by *Mr. Latourette* and *Mr. Bingham.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is an action to recover damages for an injury received by plaintiff, while traveling on a county road leading from Woodburn to Monitor in defendant county, in consequence of a defect in a bridge over Pudding River on such road. After alleging that the road upon which he was traveling at the time of his injury was a legal county road, and that the bridge thereon was and had been for a long time prior to the accident out of repair and in a dangerous and defective condition, and known to the county authorities to be so, plaintiff avers that, "while he was lawfully traveling upon said highway and not having been warned of the defects in said legal county road, or in said bridge, or of the dangerous condition of the same, the horse upon which plaintiff was riding stepped through a hole in said bridge and plaintiff, by reason thereof, was thrown violently to the flooring of said bridge" and severely and permanently injured in his right arm. The answer denies all the material allegations of the complaint. Upon the issues thus joined, the cause was tried before the court and a jury, resulting in a verdict in favor of plaintiff. From the judgment entered therein defendant appeals, assigning error in the admission of testimony and in the giving of instructions. The several assignments of error will be considered in the order in which they were presented.

1. Plaintiff, as a witness, testified that after dark on the

evening of October 30, 1904, as he was traveling over the bridge in question going towards Woodburn, he met a buggy and team, and in turning out to allow them to pass, his horse stepped in a hole in the bridge and he was thrown violently to the floor thereof and severely injured. He was thereupon asked by his counsel whether he had any previous knowledge of the existence of the hole in the bridge. To this question an objection was interposed and sustained, because a want of such knowledge was not alleged in the complaint, but simply that plaintiff had not been warned of the defect. Plaintiff then moved for permission to amend his complaint by inserting the words "and without knowledge." The motion was allowed, and this ruling is assigned as error. The omission of an averment in the complaint that plaintiff was without knowledge of the defect in the highway was no doubt due to the fact that the pleader had forgotten that Section 4781, B. & C. Comp., giving a right of action to one injured while lawfully traveling on a county road, had been amended or changed by the act of 1903: Laws 1903, pp. 262, 280, § 59. But as the amendment did not change the cause of action, and it does not appear that the defendant was in any way misled to its prejudice thereby, it was properly allowed. The statute authorizes the court to allow a pleading to be amended at any time before the cause is submitted by correcting a mistake therein, or, when the amendment does not substantially change the cause of action or defense, by conforming the pleading to the facts proved: Section 102, B. & C. Comp. The power thus conferred upon trial courts has always been and should be liberally exercised in furtherance of justice, for, as said by Mr. Chief Justice STRAHAN, in *Baldock* v. *Atwood,* 21 Or. 73 (26 Pac. 1058): "Nothing is ever gained by turning a party out of court or compelling him to take a nonsuit on account of some defect in his pleading not discovered perhaps until the progress of the case, when an amendment could supply the defect and the action or suit be brought to an early determination." The allowance of such an amendment rests in the discretion of the trial court, and its ruling

will not be disturbed on appeal except in case of manifest abuse of such discretion. This rule has been so often announced and applied by this court that it is unnecessary to cite authorities in its support.

2. The fact that objection was made to the admission of the testimony did not deprive the court of the power to allow the amendment: *Wild* v. *Oregon Short Line Ry. Co.* 21 Or. 159 (27 Pac. 954); *Koshland* v. *Fire Association,* 31 Or. 362 (49 Pac. 865); *Farmers' Bank* v. *Saling,* 33 Or. 394 (54 Pac. 190); *York* v. *Nash,* 42 Or. 321 (71 Pac. 59). The case of *Mendenhall* v. *Harrisburg Water Co.* 27 Or. 38 (39 Pac. 399) when rightfully understood, is not to the contrary. It was so explained in *Farmers' Bank* v. *Saling,* 33 Or. 394 (54 Pac. 190).

3. No evidence was admitted on the trial to show that the highway in question had been regularly laid out and established by the public authorities, but plaintiff was permitted to give evidence tending to show that it had been used and traveled by the public as a highway for more than 10 years prior to the time of plaintiff's injury, and that it had been recognized as such by the county authorities. The court instructed the jury that if the road had been traveled, used, improved and worked by the public as a county road for a period of 10 years and more prior to the accident, it was, for the purpose of this action, a legal county road. There was no error in the admission of this testimony, or in so instructing the jury. In this State a highway may be established by adverse user, and, "where the length of time of such use by the public has been greater than the period prescribed by the statute of limitations for the recovery of real property, that will be regarded as sufficient evidence of the existence of a highway independently of any supposed dedication": *Douglas County Road Co.* v. *Abraham,* 5 Or. 318. To the same effect is *Bayard* v. *Standard Oil Co.* 38 Or. 438 (63 Pac. 614).

4. Objection was made to the admission of testimony that the road and bridge in question for more than 10 years had been kept in repair by the road supervisor under the direction

50 OR.——3

of the county court without showing an order of the
court authorizing or directing him to do so, or that
no record of such authority had been made. But we think
the evidence was competent. The road 'supervisor is an officer
of the county appointed by the court (Laws 1903, pp. 262, 282,
§ 68), and it is his duty to open or cause to be opened all
county roads in his district and keep the same in good repair.
For that purpose he is authorized to purchase, with any avail-
able funds on his hands, timber, plank or other necessary mate-
rial: Laws 1903, pp. 262, 271, § 28. In so acting he ·is the
agent or representative of the county (*McCalla* v. *Multnomah
County,* 3 Or. 424), and it is not necessary to show a formal
order of the court authorizing or instructing him as to when
or how he shall perform his duty, or that no such order was
entered of record. If a highway is opened and kept in repair
by the proper county authorities, it is evidence tending to show
that it is a county road, and it is not incumbent on one who
is injured by the negligence of such authorities to show that
the work was authorized by some formal order of the county
authorities or that it was done by or under their direction.

5. It appears that the bridge in question, which was about
16 feet wide, had been replanked or "half-soled" for about 10
feet in the center thereof a short time before the accident to
plaintiff. The defendant requested the court to instruct the
jury that, as plaintiff failed to show that the parties in charge
of the buggy which he met on the bridge refused to give him
half the road, it must be presumed that they did so, and as a
consequence that he was guilty of contributory negligence in
guiding his horse off of the replanking and into the hole in the
bridge. But plaintiff had a right to assume, in the absence of
knowledge to the contrary, that the bridge was safe for travel
its full width, and could not be charged with contributory neg-
ligence in going off of the half-soled portion thereof, whether
he was compelled ·to do so or not. Where a county constructs
or maintains a bridge for use by the public, a traveler has a
right to assume, in absence of information to the contrary, that

he may safely travel over any portion of such bridge and he is not guilty of contributory negligence in doing so.

6. The defense excepted to the following language in the court's charge to the jury:

"In this case you cannot find for over $2,000 in damages, and the compensation you are to give is for whatever bodily injury you say he has suffered, you find that he has suffered, if he has suffered any, or is unable to perform any work as a mail contractor or any work whatever, whatever lessened capacity for work he has, if any. Your verdict should be for such sum as in your judgment would compensate him for the injury and suffering he has sustained, if you find he is entitled to compensation at all. If you find he is entitled to compensation at all for his reduced capacity for work and his disablement, if you find he is disabled, or incapacitated for labor in any degree whatever you find he is incapacitated, you will fix that in the measure of damages."

The objection is that the language excepted to is unintelligible and it cannot be determined therefrom whether the court intended to confine the recovery of damages to the physical suffering of the plaintiff, or whether it intended to allow the jury to include damages for his mental suffering. But it is only a part of the instructions on the measure of damages. The remainder of the charge on that subject is as follows:

"There is no exact measure for bodily pain and suffering in these matters. You cannot say so much pain is worth so many dollars; and such another amount of pain is worth so much more. You cannot estimate it with the accuracy that you could sum up an account. But it is left, to a very great extent, to the sound discretion of the jury, under the law. There is nothing to be given here on account of sympathy you may feel for this man. Whenever you begin to consider a verdict on the ground of sympathy, it is your duty to put your hands in your own pockets and contribute whatever amount you feel sympathy ought, and not to take it from the pockets of the citizens of Marion County. But whatever is fair compensation, if you think he has shown the right to recover at all, whatever is fair and just compensation inside of $2,000, you should give him; on one hand not wanting to give him any less than fair compensation, and on the other hand without any desire to shovel money out on the ground of sympathy,

but just what justice and fairness would compensate him for whatever injury he has sustained at this place, if he has sustained any."

When taken as a whole, the instruction, we think, clearly stated the law, and the jury could not have been misled thereby. It confined the recovery to compensation for the physical injury plaintiff sustained.

The judgment is affirmed. AFFIRMED.

---

Decided 30 July, 1907.