Argued October 11, affirmed December 27, 1916.

## PACIFIC COMPANY *v.* CRONAN.

(161 Pac. 692.)

**Pleading—Amendment During Trial—Variance.**

1.   Where defendant, by evident clerical error, failed to deny material allegations, the rule against amendment changing the cause of action does not prevent amendment to enter the denial, especially where both parties went to trial on the theory that such matters were at issue, and plaintiff's only objections were too general to indicate the defect.

**Pleading—Amendment During Trial—Variance.**

2.   The allowance or refusal of an amendment is largely a matter of discretion of the court and depends on circumstances of the particular case.

**Pleading—Amendment During Trial.**

3.   Courts should be liberal in granting amendments pending trial, when it is evident that such course will further justice, particularly in the case of the defendant.

> [As to how far an amendment, varying or altering cause of action, is allowable, see notes in 34 Am. Dec. 158; 51 Am. St. Rep. 414.]

From Morrow: GILBERT W. PHELPS, Judge.

Department 1.   Statement by MR. JUSTICE McBRIDE.

This is an action by the Pacific Company, a corporation, against J. E. Cronan to recover commission for services in procuring a purchaser for bank stock.   The complaint, omitting formal matters, is substantially as follows:

"I. That the Charles E. Walters Company at all times hereinafter mentioned was, is, and has been a corporation organized and existing under the laws of the State of Iowa, and having complied with all the laws of the State of Oregon with reference to nonresident corporation, and at all times was authorized to do business in the State of Oregon.

"II. That on or about the twenty-fourth day of October, 1913, in the City of Portland, Multnomah County, Oregon, the defendant herein orally agreed

with the Charles E. Walters Company, a corporation, that if the Charles E. Walters Company would procure a purchaser ready, able and willing to purchase from J. E. Cronan 202 shares of stock in the Bank of Ione, located at Ione, Oregon, at the book value of said shares of stock, which was estimated to be $55 per share, that defendant would pay said the Charles E. Walters Company 5 per cent of the total price for which said shares of stock were sold or at which the said the Charles E. Walters Company procured a purchaser.

"III. That terms as to the time of payment by the purchaser of said shares of stock were to be made by said J. E. Cronan at the time a purchaser was procured.

"IV. That thereafter on, to wit, about the twenty-sixth day of October, 1913, the Charles E. Walters Company did procure a purchaser, to wit, one L. M. Meeker, who was ready, able and willing to purchase said bank stock upon terms fixed by the defendant, and thereupon the Charles E. Walters Company notified the defendant and arranged a meeting between L. M. Meeker and said defendant, which meeting was held on the twenty-sixth day of October, 1913, and terms of payment were arranged so that L. M. Meeker agreed to pay unto said J. E. Cronan for said 202 shares of stock the book value thereof plus 5 per cent upon terms satisfactory to said J. E. Cronan.

"V. That said L. M. Meeker as a purchaser was procured solely through the efforts of the said the Charles E. Walters Company and the meeting between said L. M. Meeker and J. E. Cronan was procured solely by the efforts of said the Charles E. Walters Company.

"VI. That the book value of said shares of stock at all times herein mentioned was at least $55 per share.

"VII. That 5 per cent of the agreed sale price of said 202 shares of stock fixed between said J. E. Cronan and L. M. Meeker is the sum of $555.50. * *

"IX. That prior to the commencement of this action, to wit, on the twenty-third day of April, 1914,

the Charles E. Walters Company regularly sold and assigned unto plaintiff all of its right, title and interest in the matters covered in this complaint, and the claim of said the Charles E. Walters Company against the defendant.''

The original answer denied all of the above paragraphs, except II and VI. Upon the trial plaintiff introduced testimony tending to support the whole case made by the pleadings, including the allegations made in paragraphs II and VI, and the defendant also went into the whole case and offered testimony tending to show that the original offer to sell was coupled with a condition that the purchase was to include certain real estate owned by defendant and not otherwise. He also denied, in substance, that he and Meeker ever came to an agreement as to terms of payment. The plaintiff objected to testimony offered tending to show that the original offer to sell was on condition that the land of defendant should go with the purchase of the stock. There were several objections of this character made, but they were either general and to the effect that the evidence offered was not within the issues pleaded or merely general without stating the grounds. At no time while the testimony was being offered did counsel for the plaintiff specifically point out or call to the attention of the court the fact that paragraphs II and VI had not been denied. The objections being overruled, counsel for the defendant moved for a directed verdict, and for the first time specifically called attention to the fact that paragraphs II and VI of the complaint had not been denied. Thereupon counsel for defendant moved the court for leave to amend by denying these paragraphs, and, the amendment being permitted, the motion for judgment on the verdict was overruled, to all of which counsel for plaintiff ex-

cepted.    The matter then went to the jury and resulted
in a verdict and judgment for defendant, from which
plaintiff appeals.                              AFFIRMED.

For appellant there was a brief over the names of
*Mr. Joel D. Pomerene* and *Mr. Coy Burnett,* with an
oral argument by *Mr. Pomerene.*

For respondent there was a brief over the names
of *Mr. Guy C. H. Corliss* and *Mr. Sam E. Van Vactor,*
with an oral argument by *Mr. Corliss.*

MR. JUSTICE MCBRIDE delivered the opinion of the
court.

1. The court did not err in submitting the case to
the jury, as the defendant's evidence tended in some
degree to show that Meeker and the defendant never
came to a final, definite agreement as to the terms of
payment.    While a defendant cannot amend upon the
trial by introducing an entirely new cause of defense,
we do not think the rule goes so far as to prohibit the
amendment of what, in view of the facts in the case,
was an obvious clerical error or oversight.    At the
time the deposition of the first witness for plaintiff
was taken, which was several days before the trial, it
must have been apparent to counsel for plaintiff that
the defense was proceeding upon the theory that the
matter alleged in paragraph II was in issue and that
a negation of it was the principal defense relied upon.
The plaintiff examined the witness Meeker as to the
first dealings between himself and defendant where
the offer was made by defendant to sell the stock with
the land included, and further as to a communication
from the Walters corporation informing him that
they had the bank for sale without the land.    Upon

cross-examination the plaintiff's counsel objected that these matters were not within the issues pleaded, but did not call specific attention to this particular defect as to denials. The deposition of this witness was offered on the trial, and it does not appear that the objections raised at the time the deposition was taken were saved in the Circuit Court. The plaintiff having gone into the question of the contract fully upon this subject and treated the matter of the substance of the contract as if it were actually in issue was in no position to object to testimony that it was not, in fact, in issue as a matter of technical pleading. Plaintiff evidently was not misled in any respect by the omission as its counsel presented its side of the case precisely as though the allegation were denied, and having done so should not be allowed to change its theory when defendant merely met the testimony introduced by it. The objections made to defendant's testimony, while perhaps technically sufficient, were not calculated to inform the court or opposing counsel of the particular defect in the pleading upon which plaintiff relied. In fact, the real purpose of the objections was shrewdly masked behind generalities, and it was not until counsel by a motion to direct a verdict disclosed the fact that, like Ah Sin of poetic memory, he had a surreptitious "right bower" in reserve in the shape of an omitted denial that the court and counsel discovered the nature of the objections to the testimony.

2. The allowance or refusal of an amendment is largely a matter of discretion of the court, and must depend upon the peculiar circumstances of each particular case; the general rule being that the ruling of the trial court upon the question will not be disturbed unless there is an abuse of discretion or an absolute disregard of some affirmative statute. It is also uni-

versally held that the courts should be liberal in granting such amendments when it is evident that such permission will be in furtherance of justice, and this is particularly the case in respect to defendants: Bliss, Code Pleading (3 ed.), § 430; 1 Cyc. 518; 31 Cyc. 422. The reason for this discrimination in favor of a defendant is that, while a plaintiff, whose evidence is shut out by reason of a lack of a material allegation, may take a nonsuit and begin again, the defendant has no such remedy, but must lose irretrievably.

3. We are of the opinion that the plaintiff by proceeding in the introduction of evidence upon the theory that the nature of the contract was in issue was estopped to assert that such fact had not been technically put in issue by the pleadings, and that the action of the court in permitting the defendant to meet the evidence so introduced and to amend his answer to conform to the facts proved was not an abuse of discretion, but, on the contrary, was in furtherance of justice, the ultimate aim of which is to allow every party a fair trial upon the merits. Plaintiff having opened the door for the reception of such evidence cannot complain because the defendant and the court treated his example as good law: *Charlton* v. *Scoville,* 68 Hun, 348, 22 N. Y. Supp. 883.

The judgment is affirmed.     AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.