Motion to dismiss overruled September 15, 1925, submitted on briefs January 12, affirmed January 26, costs retaxed February 9, 1926.

## RUBY DODSON *v.* CITY OF BEND.

### (242 Pac. 821; 243 Pac. 76.)

**Municipal Corporations—Notice of Defective Sidewalk Held Unnecessary.**

1. Where defect in sidewalk resulting in injury was directly caused by municipality or its officers whose duty it was to make repairs, notice to city of existence of defect is not condition precedent to liability.

**Pleading—Complaint Construed Favorably for Plaintiff on Appeal, Where not Tested by Demurrer.**

2. Where complaint was not tested by demurrer, on appeal it will be construed favorably for plaintiff.

**Pleading—Every Inference will be Indulged to Sustain Complaint Questioned for First Time by Motion for Directed Verdict.**

3. Where complaint was called in question for first time upon motion for directed verdict, it will not only be construed liberally, but every reasonable inference drawn from allegations will be indulged in order to sustain it.

**Trial—Motion for Directed Verdict Calls in Question Evidence and not Pleading.**

4. Motion for directed verdict calls in question evidence and not pleading.

**Pleading—Defective Statement of Good Cause of Action Held not Fatally Defective After Verdict.**

5. Where defective sidewalk caused injury to plaintiff, who alleged that city negligently left hole in such sidewalk, and that there was absence of warning or other light, but did not plead knowledge of defect by city, *held*, complaint was defective statement of good cause of action, and not fatally defective after verdict.

**Municipal Corporations—Allegation City "Left" Hole in Sidewalk Indicated Work by City.**

6. In action for personal injuries, allegation that city "left" hole in sidewalk would indicate that it, through its officers, had been at work upon such sidewalk and left it in unsafe condition.

Trial—Reopening Case to Show Knowledge of Defects in Sidewalk Held in Discretion of Court.

7. In action for personal injuries against city, where plaintiff had closed her case without showing notice of defective sidewalk by defendant, it was within discretion of court to allow her to reopen her case for purpose of introducing additional testimony on that subject.

Pleading—Permitting Complaint to be Amended to Plead Knowledge of Defective Sidewalk was in Discretion of Trial Court.

8. In action for injuries caused by defect in sidewalk, where plaintiff had not pleaded knowledge of defect by city, it was within discretion of court to permit her to amend her complaint, in view of Section 102, Or. L.

Pleading—Amendment of Complaint to Conform With Proof Showing Notice of Defective Sidewalk Held Proper.

9. Where defective sidewalk caused injury to plaintiff, and in complaint against city she neglected to plead notice of defect, but was allowed after closing her case to reopen it and show existence of defect for some days prior to injury, and defendant, not claiming to be surprised, was granted every opportunity to combat such evidence, *held*, amendment of complaint to conform to such proof was in furtherance of justice and properly allowed, in view of Section 107, Or. L., providing court shall disregard any error not affecting substantial rights of adverse party.

Courts—Right of Amendment Should be Liberally Applied.

10. Right of amendment, which is in discretion of court, should be liberally applied.

### ON TAXATION OF COSTS.

Costs—Party on Appeal Held Improperly Taxed Greater Sum Than $1.25 per Page for Printing Brief.

11. That party was charged more than $1.25 per page for printing brief *held*, insufficient reason, under Rule 29, for taxing costs in greater amount.

From Deschutes:   T. E. J. DUFFY, Judge.

In Banc.

This is an appeal from the judgment in favor of the plaintiff against the defendant City for dam-

Costs, 15 C. J., p. 272, n. 63 New.
Municipal Corporations, 28 Cyc., p. 1387, n. 4, p. 1465, n. 34, 36, p. 1467, n. 45.
Pleading, 31 Cyc., p. 79, n. 4, p. 82, n. 11, p. 352, n. 52, p. 367, n. 1, p. 368, n. 9, p. 391, n. 23, 24.
Trial, 38 Cyc., p. 1360, n. 51, p. 1369, n. 33, p. 1565, n. 78.

ages sustained by the plaintiff resulting from a defective sidewalk. The defendant appeals and defines the issues on appeal as follows:

"The complaint filed in this case and upon which the Plaintiff proceeded to trial did not state a cause of action against the Defendant for the reason that no allegation was made therein to the effect that the Defendant or any of its officers had notice of the involved defect in the sidewalk, prior to the alleged injury nor did it allege any facts from which such notice could be implied or inferred. After the Plaintiff had closed her case in chief, her counsel, over the objection of Defendant's counsel, reopened her case and put in testimony tending to show that the involved defect in the sidewalk had existed for some days prior to the involved injury, there being no allegation in the complaint to support such testimony nor did plaintiff move to amend her complaint so that it would set up a cause of action until after the Defendant had made its motion for a directed verdict in its favor."

Defendant assigns four errors: 1. That the plaintiff had no legal right at the close of her case in chief to introduce evidence not admissible under the allegations of her complaint.

2. "That the Plaintiff was not entitled to amend her complaint to conform to the proof, when objection was made to the introduction of the proof upon which the proposed amendment was based."

3. "That the Court had no right, after all the testimony was in, to allow an amendment to Plaintiff's complaint which not merely changed Plaintiff's cause of action but converted a complaint that did not state a cause of action into one which did, against Defendant's objection and exception."

4. That the court should have granted defendant's motion for a directed verdict for the reason that

the complaint as originally filed did not state sufficient facts.

The complaint is alleged to be defective only in this that it did not allege that defendant knew of the defect or alleged facts which would show that it ought to have known. The portions of the complaint directly involved are as follows:

" * * plaintiff was seriously injured by stepping in a hole in said sidewalk carelessly and negligently left there by defendant, its officers or agents, * * .

"That the said hole in said sidewalk was carelessly and negligently left there by defendant, its officers or agents, and through said carelessness and negligence this plaintiff has been greatly injured * *.

"That at the time of said injury there was no light or any manner of protection to the public or this plaintiff against injury in the said defective sidewalk as hereinbefore set out, or in any manner was protection afforded or guarded against by defendant, its officers or agents in the protection of pedestrians generally, and the hole in said sidewalk was in such a place concealed by darkness at the time of said injury, and said injury occurred entirely through the carelessness and negligence of the defendant herein. * * "

No claim is made by the defendant that the complaint after being amended during the trial is insufficient.	AFFIRMED.

For appellant there was a brief over the name of *Mr. C. S. Benson.*

For respondent there was a brief over the name of *Mr. E. O. Stadter.*

COSHOW, J.—4 Dillon (5 ed.) on Municipal Corporations, Sections 3011–3013, states the law of a municipality's liability for a defective highway thus:

"Where the duty to keep its streets in safe condition rests upon the corporation, it is liable for injuries caused by its neglect or omission to keep the streets in repair, as well as for those caused by defects occasioned by the wrongful acts of others, but, as the basis of the action is negligence, notice to the corporation of the defect which caused the injury, or of facts from which notice thereof may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability." *Mack* v. *The City of Salem,* 6 Or. 275, 278; *Heilner & Co.* v. *Union County,* 7 Or. 83, 85 (33 Am. Rep. 703); *Rice* v. *Wallowa County,* 46 Or. 574, 576 (81 Pac. 358).

1. But notice to the City is not necessary where the defect was directly caused by the municipality, or its officers, whose duty it was to keep the sidewalk in repair: 4 Dillon, Municipal Corporations (4 ed.), § 3016, note 2, under § 1718; 6 McQuillin, 5720, § 2808; 13 Ruling Case Law, 319, § 264.

2–4. The complaint was not tested by demurrer. It will be construed, therefore, favorably for the plaintiff. The complaint will not only be construed liberally but also every reasonable inference drawn from the allegations will be indulged in order to sustain the complaint when it was called in question for the first time upon a motion for a directed verdict in the trial court. A motion for a directed verdict calls in question the evidence and not the pleading: *Carty* v. *McMenamin & Ward,* 90 Or. 490 (216 Pac. 228); *Ridley* v. *Portland Taxicab Co.,* 90 Or. 529, 533, 534 (177 Pac. 429).

5, 6. It is very doubtful that the complaint is fatally defective after verdict. It is rather in our opinion a defective statement of a good cause of action: *Heilner* v. *Union County,* 7 Or. 83, 86. The use of the word "left" would indicate that the city through its officers had been at work upon the sidewalk and left it in an unsafe condition. If the complaint had been tested by demurrer, it might properly have been held insufficient. The plaintiff then could have amended her complaint and framed it so as to overcome this defect.

7, 8. However that may be, an examination of the record discloses that the defendant did not object to the testimony offered for the purpose of showing the circumstances that either brought knowledge to the defendant or ought to have done so. The testimony of a witness was adduced showing that the hole in the sidewalk had existed in the place where plaintiff had received her injury for a month before the accident. It was in the discretion of the court to allow the plaintiff to reopen her case for the purpose of introducing additional testimony. It was likewise within the discretion of the court to permit the plaintiff to amend her complaint: Or. L., § 102; *Ridley* v. *Portland Taxicab Co.,* above; *Bishop* v. *Baisley,* 28 Or. 128 (41 Pac. 937); *Cook* v. *Croisan,* 25 Or. 477 (36 Pac. 532); *York* v. *Nash,* 42 Or. 321, 326 (71 Pac. 59); *Farmers' Bank* v. *Saling,* 33 Or. 394, 404, 405 (54 Pac. 190); *Koshland* v. *Fire Association,* 31 Or. 362, 365 (49 Pac. 865).

The defendant does not claim to have been surprised and the court granted the defendant every opportunity to combat the evidence adduced and complained of here: *Caples* v. *Morgan,* 81 Or. 692 (160 Pac. 1154, L. R. A. 1917B, 760); *Ridings* v.

*Marion County,* 50 Or. 30, 32 (91 Pac. 22); *Wild* v. *Oregon S. L. R. Co.,* 21 Or. 168 (27 Pac. 954).

9, 10. The amendment was in furtherance of justice and was properly allowed. The right of amendment should be liberally applied: *Hillsboro Nat. Bank* v. *Garbarino,* 82 Or. 405 (161 Pac. 703); *Pacific Co.* v. *Cronan,* 82 Or. 388 (161 Pac. 692); Or. L., § 107. The judgment appealed from is affirmed.

AFFIRMED.

BURNETT, J., concurs in the result.

———

Costs retaxed February 9, 1926.

ON OBJECTIONS TO COST BILL.

(243 Pac. 76.)

For the objections, *Mr. C. S. Benson.*

*Contra, Mr. E. O. Stadter.*

COSHOW, J.—This cause has come on to be heard on objections to the cost bill filed by the respondent. The only item objected to in the cost bill is, "printing brief 12 pages $29.00." Appellant admits that respondent is entitled to $15 but objects to any greater sum. Rule 29 limits the amount of recovery to the maximum sum of $1.25 per page, unless for special reasons apparent in the record it shall be otherwise ordered. No reason appears in the record for allowing a greater sum than $1.25 per page. The fact that respondent was charged more by the printer is not sufficient reason. The costs are re-

taxed allowing the respondent the sum of $15 for printing his brief and the total sum of $40 as costs in this court.