Argued January 10, affirmed February 14, petition for rehearing
denied March 19, 1963

## AMCA LUMBER COMPANY *v.* BUCKEYE-PACIFIC LUMBER COMPANY

378 P. 2d 738

*Paul K. Von Bergen,* Portland, argued the cause for appellant. With him on the briefs was Roscoe C. Nelson, Portland.

*Bruce M. Hall,* Portland, argued the cause for respondent. On the brief were Bonyhadi & Hall, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and LUSK, Justices.

SLOAN, J.

This was an action to recover the value of two accounts which, plaintiff alleged, it had sold to defendant Buckeye-Pacific Lumber Company and that defendant had failed to pay plaintiff the value thereof. A second cause alleged that defendant had converted these accounts to its own use. A judgment of involuntary nonsuit was entered in favor of defendant Harris. He is not involved in this appeal. Plaintiff received a jury verdict and judgment. Defendant corporation appeals.

Plaintiff and defendant are engaged in the lumber brokerage business. Plaintiff in Beaverton, defendant in Portland. Both parties are corporations. In the

lumber brokerage business the word "account" has a meaning peculiar to the trade. The term is derived from a custom of the trade by which a broker acquires a source of lumber supply. To obtain a supply the brokers advance money to the operators of sawmills in return for which the sawmill operator agrees to supply all of the cut of the mill to the loaning broker. Some of these agreements also, apparently, gave the broker a price discount. The mill operator is thereby called an account of the broker. The word "account," therefore, could be said to mean a contract supplier. The value to the broker of an account is apparent. However, the value of the account is not necessarily equal to the amount of money advanced to the mill operator. The value would vary with the stability of the mill's production and the opportunity for the broker to profit from a total transaction with a particular mill operator.

In this situation the defendant Harris had been president of plaintiff corporation. On May 2, 1960, he changed his allegiance to defendant. He took with him and sold to defendant a number of such accounts as those just described and formerly owned by plaintiff. There was testimony by defendant Harris that defendant paid plaintiff about $100,000 for the other accounts purchased. This action is to recover the value of two of the accounts which defendant denies that it agreed to purchase and, accordingly, refused to pay for. A further discussion of detailed facts is of interest only to the parties.

Defendant claims that his motion for nonsuit and for a directed verdict should have been allowed. The grounds stated in the motion were directed not only to the sufficiency of the evidence but to a question of pleading and in respect to the Statute of Frauds. The

evidence in support of the complaint presented a jury question.

■ Defendant claims that the first cause of action in the complaint failed to allege the reasonable value of the accounts alleged to have been sold.

■ The complaint was a defective statement of a good cause of action. No demurrer or motion was filed to test the complaint in respect to the issue now presented. Nor was the issue argued here ever presented to the trial court. It should be mentioned that both parties, before trial, made motions and other challenges to the pleadings but the matters contained in defendant's assignments of error were not mentioned in any of the earlier motions filed. The present challenge to the complaint was by the motions for nonsuit and directed verdict. No objection was made to the introduction of evidence on reasonable value. The court properly denied the motions for nonsuit and directed verdict. *Dodson v. City of Bend,* 1926, 117 Or 231, 235, 242 P 821, 822, 243 P 76.

> "The complaint was not tested by demurrer. It will be construed, therefore, favorably for the plaintiff. The complaint will not only be construed liberally but also every reasonable inference drawn from the allegations will be indulged in order to sustain the complaint when it was called in question for the first time upon a motion for a directed verdict in the trial court. A motion for a directed verdict calls in question the evidence and not the pleading." 117 Or 235.

Defendant also claims lack of evidence of the reasonable value of the claims. Defendant Harris gave positive testimony as to that value. He was qualified to express a judgment as to value. It was for the jury to weigh that testimony.

■ Defendant contended that the oral contract to sell the accounts was prohibited by the Statute of Frauds. If the statute had any application to this action, *Kneeland v. Shroyer,* 1958, 214 Or 67, 328 P2d 753, it was cured by performance. *Osburn v. DeForce et al,* 1927, 122 Or 360, 373, 257 P 685, 258 P 823; *Imperial Laundry Co. v. Allen,* 1933, 143 Or 71, 20 P2d 217; ORS 75.040 (1).

■ It was admitted that defendant did agree to purchase from Amca and later did pay for certain of the accounts. The question in this case was a factual one for the jury to decide if the two accounts in dispute here were included within the accounts that defendant did agree to purchase. Testimony for the plaintiff would prove that defendant did so agree. Defendant's witnesses stated to the contrary.

We find no error in the record. Judgement affirmed.